CITY OF GAINESVILLE v. ANNA C. KIRKLAND.

156 So. 601.

Opinion Filed June 22, 1934.

Petition for Rehearing Denied August 10, 1934.

Second Petition for Rehearing Denied October 12, 1934.

320

*Baxter & Clayton,* for Plaintiff in Error;
*Fielding & Duncan,* for Defendant in Error.

WHITFIELD, J.—An action for damages against the city was brought under the hazardous occupation statute, Section 7058 (4971) Compiled General Laws, by the widow for the alleged wrongful death of her husband, an employee of the city, who fell from an electric light pole on which he was adjusting wires, alleged to have been caused by the defective condition of the pole. To the amended declaration there was a plea of not guilty. A plea held by the trial court to be a plea of contributory negligence was held

good on demurrer thereto. A demurrer to the following plea was sustained:

"1. And for a First Amended Plea to said Declaration and each count thereof, this defendant denies that the defendant had notice or was notified of the death of the said H. G. Kirkland within the time set forth in said Declaration with specifications as to the time and place of such injury, as provided by law in such cases.

"WHEREFORE, the defendant says that the plaintiff ought not to have and maintain her aforesaid action."

At the close of all the testimony the court directed a verdict for the defendant and subsequently granted a new trial, to which, under the statute, a writ of error was taken by the plaintiff.

Under the Act of 1853, Sections 4608 (2903), 4609 (2904), Compiled General Laws, when the "courts shall allow and grant * * * any motion for new trial," the party aggrieved thereby "shall make his exceptions thereto in writing" to be made a part of a bill of exceptions and "assigned for matter and cause of error upon any writ of error from the final judgment in said cause." But by the statute first enacted as Section 1267, Revised Statutes of 1892, Section 4615 (2905) Compiled General Laws, a writ of error may be taken to "an order granting a new trial at law," and the statute does not require an exception to be taken to the order granting a new trial in order to take a writ of error thereto.

On writ of error to an order granting a new trial in a law action, the statute provides that the court "shall review the said order." The order is therefore the only matter to be adjudicated on the writ of error.

The grounds of the motion for new trial in effect were that the verdict is contrary to the law and to the evidence;

that the court erred in directing a verdict for the defendant; that the doctrine of assumed risk was not applicable; that one of the pleas sustained as a plea of contributory negligence was in effect held by the court to be a plea in bar as applied to some of the testimony adduced; and that under the hazardous occupation statute, there may be a recovery if the defendant was negligent, though if there was contributory negligence the damages allowed plaintiff should be appropriately reduced.

The court did not err in sustaining a demurrer to the plea denying that notice to the city of the injury complained of was given as required by a provision of the city charter, and as it cannot be said as matter of law that there was no evidence of negligence of the defendant as alleged, the cause should have been submitted to the jury upon proper instructions, therefore a verdict for the defendant should not have been directed, and the order granting a new trial was proper. If the plea held by the trial court to be a plea of contributory negligence was in legal effect a plea in bar, the defendant below was not injured by the holding, since if it is a plea in bar it is covered by the plea of not guilty. Apparently the trial court sustained the plea upon the theory that should negligence of the defendant be shown by the evidence, the defendant could then have the plea as a predicate for adducing evidence of contributory negligence. The doctrine of assumption of risk is not applicable when the death of an employee is attributed to the negligence of the employer in this class of cases under the hazardous occupation statute.

Chapter 12760, Special Acts of 1927, the Charter Act of the City of Gainesville, has the following title:

"AN ACT to Abolish the Present Municipal Government of the City of Gainesville, in the County of Alachua, in the

State of Florida, and to Create, Establish and Organize a Municipality to be Known and Designated as the City of Gainesville, and to Define Its Territorial Boundaries and to Provide for Its Government, Jurisdiction, Powers, Franchises and Privileges."

The Act contains the following:

"Sec. 29. No suit shall be maintained against the City for damages arising out of any tort, unless written notice of such claim was, within ninety (90) days after the day of receiving the injury alleged, given to the City Commission with specifications as to time and place of the injury."

If the statute is constitutional, and as framed is applicable in actions for wrongful death under the hazardous occupations statute, where an employee is alleged to have been killed by reason of the negligence of the employer, a failure to give the specific notice under the statute is not an effective defense in this case, since the City Manager was present just after the casualty and was made fully aware of the nature of the injury sustained by the decedent.

In sustaining a demurrer to the first amended plea above quoted, the trial court said, "in cases of this nature, where it is alleged that the death was caused by the negligence of the master while the servant was in the performance of his duty, a municipality is charged with notice of the wrongful injury or death of one of its servants."

The order granting a new trial is affirmed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—A petition for rehearing contains the following: "In discussing the law relating to a writ of error to an order granting a new trial, the Court said that the statute provides that the Court 'shall review the said order';

and further, that 'The order is therefore the only matter to be adjudicated on the writ of error.' We call the attention of the Court to the fact that the day this case was set for oral argument, counsel for defendant in error stated to the Court that the Motion to Dismiss the writ of error and Motion to Strike assignment of errors were withdrawn on the condition that the Court would go into the entire record and determine whether or not the defendant in error (Plaintiff in the Court below), is entitled to maintain the action. In other words, to fully settle the law as presented by the assignment of errors. We understood that the Court assented to this."

The writ of error is to the order granting a new trial in an action at law; and as a statute authorizes the writ of error which was not permissible at common law, the scope of the review as fixed by the statute cannot be extended by consent or by leave of the Court. On this writ of error the Court is authorized by the statute to review "the order" granting a new trial to which the writ is addressed. This covers the grounds of the motion on which the order was made but not other matters.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.