178 So.2d 9 (1965)
William RABINOWITZ et al., Petitioners,
v.
TOWN OF BAY HARBOR ISLANDS, a municipality, Respondent.
Joseph INDZELL and Frances Indzell, Petitioners,
v.
TOWN OF BAY HARBOR ISLANDS, a municipal corporation, Respondent.
Nos. 34009, 34005.
Supreme Court of Florida.
June 30, 1965.
Rehearing Denied September 13, 1965.
*10 Leff & Pesetsky, N. Miami Beach, for William Rabinowitz and others.
Frates, Fay & Floyd, Miami, for Joseph Indzell and Frances Indzell.
Broad & Cassel and Lewis Horwitz, Miami Beach, for respondents.
THORNAL, Justice.
By two petitions for writs of certiorari we are requested to review a decision of *11 the District Court of Appeal, Third District, which allegedly conflicts with prior decisions of this Court and another District Court on the same point of law. Rabinowitz, et al. v. Town of Bay Harbor Islands, 168 So.2d 583.
We must decide whether the respondent municipality, by action of its agents, is estopped to assert as a defense, the failure of claimants to file a notice of a tort claim as required by the Town Charter.
In July 17, 1962, Petitioner William Rabinowitz, Sr. was the driver and his son William, Jr. and the Indzells were passengers in an automobile which struck a partially open city-owned draw bridge. Property damages and personal injuries ensued. A City police officer arrived on the scene shortly after the accident. He made a detailed investigation and submitted a written report to the Town manager. The next day an investigator, representing the Town's insurance carrier, made a further investigation and filed his report with the insurer's attorneys. Subsequently, the same investigator and the Town manager jointly viewed the scene. The Town manager reported the accident to the Town Council, advising that the attorneys for the Town's insurer were handling the matter. The Town attorney was present at this meeting.
During the early investigation the Town's insurance investigator informed the plaintiffs that the bridge was not owned by the Town but, rather, was owned by a private corporation. Relying on this information the plaintiffs, through their then attorney, negotiated with the insurer's attorney, in an effort to reach a settlement. After several months of negotiations, the plaintiffs ultimately learned that the bridge was owned by the Town. Thereupon, they filed a claim notice required by the Town Charter.
Section 78 of the Town's Charter provided in part as follows:
"No suit shall be maintained against the Town for damages * * * unless it shall be made to appear that the damage alleged is attributable to negligence of the Town, and that written notice of such damage, within 30 days after receiving the injury alleged, was given to the Town attorney with such reasonable specifications as to the time and place and witnesses, as would enable the Town officials to investigate the matter; * * *" Ch. 28899, Laws of Florida, 1953.
The Town gave no indication of its insistence upon the notice requirements until the injured parties filed suit. The trial judge granted the Town's summary judgment motion on the ground that the quoted charter provision had not been met. The Court of Appeal, Third District, affirmed.
We are requested to review the subject decision because of alleged conflicts with the decisions of this Court in Tillman v. City of Pompano Beach, Fla., 100 So.2d 53, 65 A.L.R.2d 1273, and City of Gainesville v. Kirkland, 116 Fla. 319, 156 So. 601. Additionally, conflict is alleged with a decision of the Court of Appeal, Second District, in Carpenter v. City of St. Petersburg, Fla.App., 167 So.2d 772. We find the presence of a jurisdictional conflict between the decision at hand and the decision in Carpenter.
In both cases responsible agents and officers of the City had actual knowledge of the occurrence. In both, the City's insurance adjuster made an immediate investigation and prompt report to the City officials. In both, the claimant was informed by the adjuster that the claim was being processed and settlement negotiations were conducted. In both cases the claimant relied on the representations of the City's agent  its insurance adjuster. In both cases the City officials were supplied with detailed, comprehensive reports of the happening. In Carpenter the City was held to be estopped by the conduct and representation of its adjuster and the secretary of the City attorney. In the instant case, it was held that the City was not estopped by the substantially identical conduct of its *12 adjuster, the Town manager and the attorneys for its insurance carrier. In both cases the claimants relied upon the representation and conduct of the City's agents and did not file the claim notice until after the statutory deadline.
We find that a jurisdictional conflict of decisions appears from an analysis of the two opinions. The controlling facts are substantially the same. On these facts the two District Courts arrived at diametrically opposite legal conclusions. Nielsen v. City of Sarasota, Fla., 117 So.2d 731. Having detected the conflict on the face of the two opinions we proceed to a consideration of the record on the merits. Kincaid v. World Insurance Company, Fla., 157 So.2d 517.
Despite the enactment of a general law on the subject, Section 95.241, Florida Statutes, F.S.A., we have consistently upheld similar local acts which require notice of damages claims. McCann v. City of Lake Wales, Fla., 144 So.2d 505. Justification is grounded on the proposition that a city is entitled to a reasonable notice of a pending claim in order to enable it to make a prompt, thorough investigation, leading to an early decision on the question of municipal liability, if any. We have, however, decided that the claim statutes should not be burdened with strained constructions that would hamper the presentation of just claims in the presence of substantial compliance with the statute. Magee v. City of Jacksonville, Fla., 87 So.2d 589, 62 A.L.R.2d 334.
We have also held that a municipality may waive or be estopped to assert the benefit of a claim notice statute. Tillman v. City of Pompano Beach, supra. Admittedly, this writer was with a dissenting minority in Tillman. Since that decision, however, the rule of waiver or estoppel has been generally recognized, especially by the District Courts, and can now be said to be established in this jurisdiction. Admittedly, also, the Tillman rule, by clear implication at least, overruled the prior non-waiver rule of Buck v. City of Hallandale, Fla., 85 So.2d 825. Between the two decisions the majority shifted. The view of the Buck dissenters became the rule of the Tillman majority and thus it has been since. It is certainly appropriate that the law be stabilized in this important area. Therefore, we herewith reaffirm the holding in Tillman to the effect that a municipality, through the acts of its officers and agents, may waive or be estopped to assert statutory notice requirements, such as the one before us.
As early as Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, this Court held that a technical defect in such a notice could be waived through the acts of city authorities when the notice was sufficient to provide them with an opportunity to investigate the facts within a short time after the occurrence. In City of Gainesville v. Kirkland, supra, it was held that the giving of the notice could be made unnecessary by the conduct of municipal officials who had actual knowledge of the occurrence and completed a thorough investigation.
Again, in Tillman, the filing of the notice itself, as distinguished from a technically defective notice, was held to have been excused on the ground of estoppel. A similar conclusion was reached by the Court of Appeal, Third District, in Brooks v. City of Miami, 161 So.2d 675, where a notice was sent to the Director of the Water Department, instead of to the City attorney, as required by the Charter. In Finneran v. City of Lake Worth, Fla.App., 152 So.2d 501, the City was held to have waived and also to have suffered an estoppel against a requirement that the notice be authenticated by oath.
The sum of the holdings in recent years has been that when responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the *13 required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
A mere investigation by agents of a city standing alone will not necessarily have the indicated effect. The waiver or estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury.
In the instant case there was an immediate, thorough investigation by the city police officer who promptly filed a detailed report with the Town manager. The latter official immediately referred the matter to the City's insurance carrier. The carrier's investigator together with the Town manager further investigated the matter in detail. The Town's insurance adjuster, after informing claimant that the Town did not own the bridge, conducted extensive settlement negotiations with claimants and their attorney. The Town manager filed a detailed report with the Town Council in the presence of the Town attorney. All of this occurred within 30 days of the accident.
From this chronology of events certain conclusions are justified. They are: (1) the Town was apprised of the accident and all relevant surrounding facts as fully as if the required notice had been filed; (2) the Town had actual knowledge of the occurrence as the result of its own active investigation; (3) governing officials of the Town, including the Town attorney, were fully informed of the entire situation by the Town manager; (4) the Town officials acquiesced in the handling of the matter by the Town manager and insurance adjuster; (5) the claimants had a right to rely on the representations of the Town's insurance adjuster regarding the ownership of the bridge; (6) in relying on these representations and thereafter conducting good faith settlement negotiations beyond the claim filing deadline the claimants acted to their injury if the statute is enforced against them; (7) the conduct and representations of the Town, its officers and agents were sufficient to create an estoppel against the Town's reliance on the notice of claim statute.
The decision under review is quashed and the cause is remanded to the District Court for disposition consistent herewith.
It is so ordered.
DREW, C.J., ROBERTS and O'CONNELL, JJ., and KING, Circuit Judge, concur.