202 So.2d 806 (1967)
CITY OF JACKSONVILLE, Florida, a Municipal Corporation, Appellant,
v.
Edward F. HINSON, d/b/a Hinson Body Shop, Appellee.
No. I-228.
District Court of Appeal of Florida, First District.
September 7, 1967.
Rehearing Denied October 19, 1967.
*807 William M. Madison, Claude L. Mullis and William Lee Allen, Jacksonville, for appellant.
Glickstein, Crenshaw, Glickstein & Hulsey, Jacksonville, for appellee.
RAWLS, Judge.
By this appeal, appellant City seeks reversal of a judgment entered pursuant to a jury verdict in favor of appellee Hinson.
The city contends that the trial court erred: (1) in refusing to dismiss the cause for failure of plaintiff Hinson to prosecute, (2) by denying its motion for a directed verdict because Hinson failed to give it a notice of claim as required by the City Charter and (3) because there was no evidence to support damages.
This suit litigated Hinson's contention that the city negligently failed to provide adequate drainage for surface waters when it raised the level of Laura and Carolina Streets, and such act resulted in Hinson's garage building being flooded with water causing him to expend considerable monies to protect his property.
The city's first contention is that the trial court should have granted its motions to dismiss because of plaintiff's failure to prosecute the cause. A chronology of material events is:

 Answer to second amended complaint filed April 25, 1963
 Interrogatories filed July 22, 1963
 Answers to Interrogatories filed August 8, 1963
 Additional Interrogatories filed August 3, 1964
 Objections to Interrogatories filed August 11, 1964
 Notice of hearing filed August 11, 1964
 Answers to Additional Interrogatories filed August 17, 1964
 Order sustaining objections to some of the
 Additional Interrogatories filed August 17, 1964
 Motion to dismiss for want of prosecution filed August 18, 1964
 Motion to produce filed August 21, 1964
 Answer to request for admissions filed September 1, 1964
 Order denying motion to produce filed September 4, 1964
 Amended motion to produce filed September 17, 1964
 Order denying motion to dismiss for want of
 prosecution and granting motion to produce
 filed September 22, 1964
 Notice of taking deposition filed August 26, 1965
 Motion to dismiss for want of prosecution filed September 14, 1965
 Notice of trial filed September 15, 1965
 Order denying motion to dismiss for want of
 prosecution filed September 30, 1965

The City states that from July 19, 1963 (date of interrogatories  filing date of July 22) until August 17, 1964, plaintiff took no action except to propound additional interrogatories and then argues that such action is insufficient to show that the cause was being prosecuted. We cannot agree. The filing by plaintiff of additional *808 interrogatories within the one year period constituted action within the meaning of the statute and rule,[1] and the filing of objections to the additional interrogatories amounts to defending an active cause of action. As to the second motion to dismiss the filing of notice of taking deposition and notice of trial constituted active prosecution of the cause. In Pollack v. Pollock[2] this court held that the statute governing abatement for failure to prosecute, Section 45.19, Florida Statutes, F.S.A., is not selfexecuting, but requires the moving party to seek dismissal before any affirmative action is taken subsequent to the period required for abatement. Whereas here the cause was revived by resumption of active prosecution, the trial judge correctly denied both motion to dismiss. Our decision on this point is consistent with that of the Supreme Court in Adams Engineering Co. v. Construction Products Corp.[3] which held that a request that the case be placed upon the trial docket is sufficient action in the cause to warrant denying the motion to dismiss.
The next point urged by the City is that it was not estopped from asserting the defense of plaintiff's failure to comply with the notice of claim provision of the Jacksonville Charter. In considering this point on motion for new trial, the trial judge made the following finding, which we adopt:
"This Court has read and reread each of the cases cited by the respective parties in their briefs, including Brooks v. City of Miami, Fla. [App.], 161 So.2d 675; Rabinowitz v. Town of Bay Harbor Islands, Fla., 168 So.2d 583, and Rabinowitz v. Town of Bay Harbor Islands, Fla., 178 So.2d 9.
"In the latter case, the Supreme Court of Florida, speaking through Justice Thornal, stated:
`* * * a municipality, through the acts of its officers and agents, may waive or be estopped to assert statutory notice of requirements, such as the one before us.
* * * * * *
`The sum of the holdings in recent years has been that when responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
`A mere investigation by agents of a city standing alone will not necessarily have the indicated effect. The waiver or estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury.' (178 So.2d 12, 13.)
"It appears that the Supreme Court, by use of the disjunctive `or' makes a distinction between waiver and estoppel. It would appear from a careful reading of *809 Rabinowitz, particularly the portion above quoted, that when responsible agents or officials of a city have actual knowledge and they pursue an investigation which reveals substantially the same information that would be revealed by the statutory, or Charter provision, [requiring] notice and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the municipality would be held to have waived the notice. Further, if the municipal conduct causes the claimant to act, or fail to act to his disadvantage then an estoppel may be said to have arisen.
"It is perfectly clear, upon * * * an examination of the record that there was no conduct on the part of any responsible municipal officer or agent after the damage of which the plaintiff complains which should or could have reasonably led the plaintiff to fail to act; to wit: fail to give the statutory notice. Therefore, the Defendant city may not be said to have been estopped from asserting the defense of lack of notice.
"However, it is equally clear that virtually all of the responsible agents and officials of the city had actual knowledge of the situation and occurrence which gave cause to the Plaintiff's injury and that they pursued an investigation which should have, and did, in fact, reveal substantially the same information, in fact considerably more than, that which would have been provided by the required notice, and the course of action which the city thereafter followed was such as would have, and obviously did, lead the Plaintiff to conclude that a formal notice would be unnecessary. Therefore, it would appear, under the reasoning and holding of Rabinowitz, supra, that the Defendant city waived the requirement of notice."
Finally, the city contends that there was no evidence to support the damages. We have carefully reviewed the record of the trial and conclude that this point is without merit. Accordingly, the judgment is
Affirmed.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Section 45.19(1), Florida Statutes, F.S.A.; Florida Rules of Civil Procedure, Section 1.420(e), 30 F.S.A.; Owens v. Ken's Paint & Body Shop, 196 So.2d 17 (Fla.App.3rd, 1967); and Rosenfeld v. Glickstein, 200 So.2d 242 (Fla.App.1st, 1967).
[2] Pollack v. Pollock, 110 So.2d 474 (Fla. App.1st, 1959).
[3] Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963).