WHITE, JOSEPH S., Associate Judge.
Defendant in the lower court brings this case here by way of an appeal from a final judgment awarding plaintiff a sum of money. In support of the appeal two points are argued. The first is:
“Did the lower court commit error in ruling that the affirmative defense of defendant was stricken ?”
Plaintiff brought suit in general assump-sit for work done and materials furnished. Defendant filed a general denial and, in addition, an affirmative defense, which was entitled: “Failure of Consideration”, and a counterclaim. The affirmative defense and the counterclaim were based upon the same theory and depended upon the same state of facts.
The case was tried before the court without a jury. At the opening of the trial, plaintiff’s counsel stated that “the defendant having admitted the amount of money due on the account sued for, we are at this point resting.” He suggested that the trial should proceed on defendant’s counterclaim. This colloquy between the court and counsel followed:
“MR. URCHISIN: [for the defendant] If it please the court, I would like to reply to that statement by counsel for the plaintiff.
“We admitted that that sum that was in the contract price, as stated, was correct, and assuming that they could prove their case, this is the contract price and this would be the balance.
“However, I have an affirmative defense in here which has not been answered. It has not been proven. The only thing I admitted at the pre-trial conference, assuming he could prove his case, and prove that the work was done as it properly should have been done, this was the amount he would legitimately be due.
“THE COURT: What is your affirmative defense? I thought your affirmative defense was stricken.
“MR. NORMAN: [for the plaintiff] I thought it was, too, Your Honor. If the court please, I thought the only issue we had was the counterclaim.
“MR. URCHISIN: No, Your Honor, the affirmative defense has not been stricken. If we can refer to your order dated January 31st.
“THE COURT: What is it?
“MR. URSHISIN: [sic] It is failure of consideration, in that the services performed were not done in a workmanlike manner, and the quality of some of the merchandise was not acceptable, and that, in fact, this was so unacceptable and the work was so inferior, that the goods were rendered worthless and useless, and that *679 money for repairs has been expended on this.
“THE COURT: I think that what was admitted at the pre-trial conference, which was that the balance due on the original contract price was $10,177.34, and it was admitted that $8,381.30 was paid on this contract, and it was admitted that the unpaid balance on the contract was $1,796.04, and that there would be no issue on that amount.
“That is the amount remaining unpaid on the contract, and I thought it was understood at the time that if the plaintiff would go ahead and show that they did supply and install carpet to the place, it would then be up to the defendant to try the allegations alleged in the counterclaim.
“MR. NORMAN: We are prepared to do that. It was not my view that we were, but I am certainly ready to go ahead with that, Your Honor.
“THE COURT: All right. Let us proceed.”
It will be observed that complaint was not then, and is not now, made that the general denial was ignored.
Plaintiff made himself a witness and was examined and cross-examined regarding the work in question. He called another witness in his behalf and rested his case. Defendant then called several witnesses to testify in support of the counterclaim. The court rejected the counterclaim and found for the plaintiff.
There is irregularity in the proceedings, but we fail to see how appellant was harmed. The “agreement” upon which the court struck the affirmative defense should not have been recognized since it was not perpetuated as required by F.R.C.P. 1.-030(d), 30 F.S.A. The rule provides that agreements between counsel shall have no force unless reduced to writing “or promptly made a part of the record” when orally made before the court. Rule 1.200, providing for pretrial conferences, requires: “The court shall make an order reciting the action taken at the conference * * *. This was not done. Hence, the agreement was not recorded as required and should not have been recognized in the face of defendant’s dispute regarding its terms.
However, defendant introduced the facts upon which the counterclaim was based. These were the same facts upon which defendant interposed the affirmative defense of “failure of consideration.”
The burden of proving both the affirmative defense and the counterclaim, by a preponderance of the evidence, was upon the defendant. The court rejected the proof upon the counterclaim. If defendant’s proof was insufficient to prove the counterclaim, likewise it could avail defendant nothing on the defense of failure of consideration.
The second point argued is:
“Did the court commit error in entering its judgment for appellee on appellee’s case and against appellant on its counterclaim when said determinations had no rational predicate in the evidence ?”
This places in question the sufficiency of the evidence to support the trial judge’s decision.
The record reveals conflicts in the testimony. The limit of appellate review in such a case has been stated many times. We find the decision here appropriate to the evidence shown by the record.
Affirmed.
McCAIN and REED, JJ., concur.