## VILLAGE OF PALM SPRINGS v. F & F CONSTRUCTION CORPORATION
### No. 73-1139-CA(L)-01.
Circuit Court, Palm Beach County.

June 18, 1974.

Robert B. Cook, North Palm Beach, and Wallis E. Schulle, West Palm Beach, for the plaintiff.

Arthur C. Koski, Boca Raton, for the defendant.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon counterdefendants' motions to dismiss Counts I and II of counterplaintiff's complaint.

Counterplaintiff herein has filed a counterclaim against the village of Palm Springs and the village councilmen as individuals on a claim of conspiracy and malicious interference with an advantageous business relationship.

## Count I

Counterdefendant-village has previously moved to dismiss counterplaintiff's complaint against the village for the reason that counterplaintiff has failed to file a notice with the village prior to commencement of this action as required by the village charter. This court has previously denied this motion, citing Fla. Stat. 95.241 —

> "(2) No notice of claim of injury shall be required as a prerequisite to the maintenance of an action against a municipality in any other tort action other than the specific action enumerated in subsection (1).
>
> * * *
>
> "(4) All municipal ordinances and portions of charters in conflict herewith are hereby specifically repealed and nullified . . ."

Counterdefendant has now cited to the court the case of Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Sup. Ct. 1965), which held —

> "Despite the enactment of a general law on the subject, sec. 95.241, Fla. Stat., FSA, we have consistently upheld similar local acts which require notice of damage claims."

However, *Rabinowitz* interpreted §95.241(1) which *required* notice for the tort in that case, whereas §95.241(2) *does away with* notice for the tort *sub judice*. Furthermore, with respect to the tort before the court, §95.241(4) repeals all municipal ordinances and portions of charters in conflict therewith, whereas the 1961 statute did not. The court, in *Rabinowitz*, apparently interpreted the 1961 statute.

Addressing itself to the effect of the 1961 statute upon city charters, McCann v. The City of Lake Wales, (Sup. Ct., 1962) 144 So.2d 505, cited in *Rabinowitz*, noted —

"This statute is a general act requiring a written notice of claim precedent to an action in tort against a municipality. The general act, however, contains a specific provision recognizing the continued validity and effectiveness of local acts on the same subject. The enactment of the 1961 general act would appear to re-emphasize a legislative intent that local acts of the type here involved remain effective for the benefit of the municipalities for which they have been enacted."

The 1961 statute, in this respect, is substantially the same as the statute in *Rabinowitz.*

It is thereupon ordered that counterdefendants' motion to dismiss Count I is denied.

### Count II

The counterdefendant-councilmens' motion to dismiss Count II is granted and counterplaintiff is given fifteen days to file an amended complaint. The basic defect is as follows —

It is conceded that public officials have absolute immunity from a lawsuit for defamation when said alleged defamation was committed in good faith within the scope of the defendant's official duties. I believe they should be granted similar immunity with respect to other torts, including torts involving executive or administrative acts so long as such acts are also done in good faith and within the scope of their official duties, and are discretionary in their nature. It is the nature of the act, not the legal pigeon-hole of the act, that determines the issue of immunity. See City of Homestead v. International Association of Firefighters, Local 2010, (3rd DCA 1974) 291 So.2d 38; Modlin v. City of Miami Beach, (Sup. Ct. 1967) 201 So.2d 70.

McNayr v. Kelly, 184 So.2d 428, 433, discussing immunity in defamation actions, noted that "executive officials of government are absolutely privileged as to defamatory publications *made in connection with the performance of duties and responsibilities of their office . . .*" (Emphasis added.) Likewise, Urchison v. Hauser, (4th DCA 1969) 221 So.2d 752, held —

"The Supreme Court extended the absolute privilege doctrine to executive officials of government *where the defamatory publications are made in connection with the performance of the duties and responsibilities of their office.*" (Emphasis added.)

With respect to the liability of public officials for torts in general, *McQuillan, Municipal Corporation*, §12.208, says —

"The general rule is that a municipal officer is not liable to private suit for his act done with care in the *honest performance of his corporate or government duties.*" (Emphasis added.)

It is also reported in 63 Am. Jur. 2d, *Public Officers,* §288 —

"As a rule, a public officer whether judicial, quasi-judicial, or executive is not personally liable to one injured in consequence of an act performed within the scope of his official authority, and in the line of his official duties."

More precisely, with respect to the tort *sub judice,* Fletcher v. Wheat, 100 Fed. 2d 432, 434, held —

The specific acts alleged to have been committed by appellees came clearly within the scope of their official authority. This being true they are not liable for damages arising therefrom . . . An agreement by public officers to perform the official duties which they are required to perform, followed by performance in accordance with the agreement does not constitute conspiracy."

At the very least, public officials are entitled to be put on notice so as to properly answer. The counterplaintiff has sufficiently alleged malice; however, the counterplaintiff has not alleged that the counterdefendants acted outside the scope of their official duties. In fact, the complaint appears to allege the opposite.

It is thereupon held that a complaint against public officials for torts committed in connection with their official duties must allege whether malice exists, whether the acts were performed outside the scope of their official duties, and whether the acts complained of are of a non-discretionary or non-legislative nature. If the complaint affirmatively alleges this, a cause of action will be stated and, if denied, a factual issue is presented. On the other hand, if the complaint fails to allege either of these items, or if it affirmatively appears that defendant acted in good faith and/or within the scope of his discretionary official duties, the sufficiency of the complaint may be tested by a motion to dismiss.

It is thereupon ordered that the counterdefendants' motion to dismiss is granted as to Count II and counterplaintiff has fifteen days to file an amended complaint.

As to counterdefendants' other contentions, the court is of the opinion that they are insufficient to invalidate the complaint.