PEARSON, Judge.
The plaintiff, in his second amended complaint sought a declaration as to the ownership of a strip of land. He alleged that, as to the question of ownership, a dispute existed between himself and the defendant. A second count clairqed conversion of soil piled by plaintiff upon the disputed property. The complaint was dismissed upon the motion of the defendant. The basis for the trial judge’s decision that the complaint did not state a cause of action does not appear in the record. Appel-lee urges that the court determined that plaintiff’s claim of adverse possession was insufficient as a matter of law because defendant did not know that plaintiff was occupying his land. At the time of oral argument, it appeared that the trial court knew the factual basis of plaintiff’s claim because of hearings upon an application for injunction. However, it also appears that the complaint was not insufficient as a matter of law and that if the court’s decision was upon a factual basis, it should have been entered as a summary judgment. In addition, there is no basis for the dismissal of the count for conversion of soil although it may be that this claim does not reach the jurisdictional limit of the circuit court.
We hold, therefore, that the order dismissing the complaint was error. See Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So.2d 445; Johnson v. Thoburn, Fla.App.1964, 160 So.2d 729; Tulip Realty Co. of Florida v. Fuhrer, Fla.App. 1963, 155 So.2d 637. See also Millers Mutual Fire Insurance Company of Texas v. American Fidelity Fire Insurance Company, Fla.App. 1965, 178 So.2d 742. The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.