426 So.2d 958 (1983)
FERRY-MORSE SEED COMPANY, a California Corporation, Plaintiff-Appellee,
v.
William F. HITCHCOCK, d/b/a Hitchcock Packing House, Defendants-Appellants.
No. 60722.
Supreme Court of Florida.
January 27, 1983.
*959 Peter L. Dearing of Mahoney, Hadlow & Adams, Jacksonville, for plaintiff-appellee.
Milton H. Baxley II of Baxley & Jones, Gainesville, for defendants-appellants.
ADKINS, Justice.
This case comes before us on certification from the United States Court of Appeal, Eleventh Circuit (formerly the Fifth Circuit). Ferry-Morse Seed Co. v. Hitchcock, 644 F.2d 515 (5th Cir.1981). Our jurisdiction vests under article V, section 3(b)(6), Florida Constitution.
Appellant, Hitchcock, defendant in the district trial court, purchased several shipments of vegetable seeds from Ferry-Morse Seed Co., hereinafter Ferry-Morse. The invoices totalled $14,719.34, no part of which was ever paid. Hitchcock planted these seeds in the spring of 1976, in effort to produce various agricultural crops. One of these crops, Gator Green Bean # 15, encountered problems of an undetermined cause. Hitchcock alleged that the beans deteriorated so rapidly after harvest that he was unable to sell them on the fresh vegetable market.
When Hitchcock failed to pay for these seeds Ferry-Morse filed a diversity suit in the United States District Court for the Northern District of Florida to recover the purchase price for the seeds delivered. This suit was filed almost two years after Hitchcock became aware of the alleged seed problem. Hitchcock responded with a general denial, affirmative defense of failure of consideration and a counterclaim for negligence and breach of warranty. Ferry-Morse then moved to strike the counterclaim and affirmative defense, arguing that Hitchcock's failure to comply with section 578.26(1), Florida Statutes (1977), complaint and notice requirements precluded his bringing legal action. [It remains undisputed that Hitchcock failed to file a complaint with the Florida Department of Agriculture and give notice to Ferry-Morse within ten days after discovering the seed defect as required by the Florida Seed Law, section 578.26(1).] Hitchcock opposed this motion to strike arguing that:
(1) the ten day filing requirement of Section 578.26(1) was not a statute of limitations barring claims of breach of warranty or negligence; and
(2) even if the counterclaims are barred by the statute, he could still raise the alleged defects in the seeds as an affirmative defense of failure of consideration.
A jury trial was then held solely on the issue of Ferry-Morse's compliance with the Florida Seed Law's labelling requirement, section 578.09, Florida Statutes (1977). The jury concluded that Ferry-Morse had complied with the statutory labelling requirement. The district court then granted Ferry-Morse judgment on the pleadings and final judgment. Hitchcock appealed to the United States Court of Appeals, Eleventh Circuit, raising for the first time the additional argument of estoppel and waiver. The Court of Appeals certified the following questions to this Court:
When a Florida farmer has purchased seed which he alleges failed to perform as represented by the seller, but the farmer did not file a complaint with the Florida Department of Agriculture within ten days after the defect became apparent although the requirement for filing such a complaint was legibly typed or printed on the analysis label attached to the package of seed when purchased by the farmer, then (1) is said farmer barred from maintaining a legal action for damages against the seller based on theories of negligence or breach of warranty; and (2) is said farmer barred from pleading lack of consideration as a defense in an action by the seller for payment for the allegedly defective seed?
In either case, if such action or defense by the farmer is otherwise barred, is the seller estopped from raising this bar or has the seller waived the bar, if the seller has actual knowledge of the alleged defects in the seed, although such knowledge was not acquired within ten days of the discovery of the defect by the farmer?
644 F.2d 515 at 517.
These certified questions focus upon three major issues: (1) the scope and impact *960 of the Florida Seed Law's notice requirements; (2) the viability of an affirmative defense of failure of consideration where these notice requirements are not complied with; and (3) the applicability of the estoppel and waiver doctrines in the given situation.
In order to adequately address these three issues we find it necessary to separate the certified questions into three component parts, each discussed below.
QUESTION 1:
By failing to file a complaint with the Florida Department of Agriculture within ten days after defect in the seed became apparent is said farmer barred from maintaining a legal action for damages against the seller based on theories of negligence or breach of warranty?
Hitchcock contends that section 578.26 administrative complaint requirements should be applicable only to those claims based upon alleged defects in the labelling of the seed and do not compel the filing of a complaint where the farmer's claim is based upon breach of warranty and negligence. We do not agree.
Hitchcock's counterclaim provided in pertinent part:
(Count One) Counter-Defendant breached its implied warranty at the time of sale to Plaintiff by mislabeling the variety of seed and as a direct result of said breach of implied warranty the Counter-Plaintiff was caused to lose the fair market value of his bean crop.
(Count Two) As a direct result of Counter-Defendant's negligence, seeds of a variety different than "Gator Green 15" bean seeds were produced, and were negligently mislabeled and sold as "Gator Green 15" bean seeds to Counter-Plaintiff WILLIAM F. HITCHCOCK d/b/a HITCHCOCK PACKING HOUSE in Alachua, Alachua County, Florida.
(Emphasis added). After a thorough examination of both sections 578.09 and 578.26(1) of the Florida Seed Law, the trial court aptly found Hitchcock's counterclaim to be subject to the Seed Law's notice requirements, stating:
Section 578.26, Florida Statutes (1977) provides, in pertinent part:
(1) When any farmer is damaged by the failure of agricultural, vegetable, flower or forest tree seed to produce or perform as represented by the label attached to such seed as required by Section 578.09, as a prerequisite to his right to maintain a legal action against the dealer from whom such seed were purchased, such farmer shall make a sworn complaint against such dealer alleging damages sustained and file same with the department within ten days after the defect or violation becomes apparent and send a copy of said complaint to said dealer by United States registered mail; provided that requirement for filing complaint therein set forth appears legibly typed or printed on the analysis label attached to the package containing such seed at the time of purchase by the farmer.
.....
(2) The department shall refer the complaint and the answer thereto to the arbitration council provided in § 578.27, for investigation, findings and recommendation on the matters complained of.
.....
Section 578.09 requires that agricultural seed "sold, offered for sale, exposed for sale or distributed for sale" within the State of Florida "shall bear thereon or have attached thereto" a label containing, inter alia, the "[c]ommonly accepted name of kind and variety of each agricultural seed component in excess of five per cent of the whole ..." Fla. Stat. § 578.09(2)(a).
When these two sections of the statute are considered together, it becomes apparent that a claim of damage due to variance in variety is encompassed within a failure of agricultural seed "to produce or perform as represented by the label attached to such seed as required by Section 578.09 ..."
Ferry-Morse Seed Company v. Hitchcock, GCA No. 78-0033, Slip op. at 2 (N.D.Fla. Sept. 18, 1979) (emphasis added).
*961 Section 578.09 of the Florida Seed Law requires that the variety of the seeds be correctly identified on the package label. Although Hitchcock's causes of action are not specifically framed in "violation of the labelling requirement" language, both his negligence and breach of warranty claims allege incorrect identification of seed variety. One cannot avoid the impact of a law by mere word choice. Whether couched in terms of negligent mislabelling, intentional mislabelling, or breach of warranty through mislabelling, Hitchcock's claim is inextricably bound to section 578.09 labelling requirements and in turn must comply with the statutory conditions imposed on those bringing actions based on that section of the statute.
In order to assert a statutory cause of action, the claimant must comply with all valid condition precedents; for an action cannot be properly commenced until all essential elements of the cause of action are present. 1 Fla.Jur.2d Actions § 30 (1977). The right to recover against the seed dealer is conditioned upon the aggrieved farmer's compliance with the administrative complaint and notice requirements of section 578.26(1). For reasons unclear to this Court, Hitchcock chose to disregard these notice requirements. Moreover, Hitchcock's actions fail to evidence any substantial attempt to comply with these conditions.
We find that Hitchcock's cause of action rested solely upon alleged violations of the Florida Seed Law's labelling requirements. By failing to comply with the statutory notice requirements Hitchcock is barred from bringing action for damages against the seed merchant, notwithstanding his couching the claim in terms of negligence or breach of warranty.
QUESTION 2:
Is said farmer barred from pleading lack of consideration as a defense in an action by the seller for payment for the allegedly defective seed?
Ferry-Morse contends that the purpose of the Florida Seed Law would be emasculated if the affirmative defense of failure of consideration was allowed to operate where the party raising this defense failed to comply with the statute's complaint and notice requirements. We do not agree.
This Court, in Finlayson v. Conner, 167 So.2d 569, 573 (Fla. 1964), determined that:

The obvious purpose of the "Florida seed law," and particularly those provisions that deal with the sale of cleaned, processed, packaged and labeled seed, is the improvement of the quality of such seed and the protection of the public against fraud in the sale thereof. The purposes of the seed law are enforced primarily through the inspection services rendered by the State through the Department of Agriculture.
(Emphasis added). While the Florida Seed Law serves to assist in the resolution of disputes among farmers and seed dealers, the bottom line is that the statute was established to protect the farmer. See Harl, Agricultural Law, State Regulation of Agriculture, vol. 12, § 114.05(1). Accordingly, the Florida Seed Law should not be construed to prevent a farmer from raising a viable defense to a contractual claim brought by the seed dealer. Ferry-Morse fails to recognize that the right to raise the affirmative defense does not automatically establish this defense. The burden of proof remains on the party raising the defense and he must persuade the jury, by a preponderance of the evidence, that there was a failure of consideration. See Captain's Table, Inc. v. Khouri, 208 So.2d 677, 679 (Fla. 4th DCA 1968).
Agricultural produce, by its very nature, is subject to rapid deterioration. In order to establish the requisite proof of failure of consideration it may well have been wise for Hitchcock to make a timely investigation and report of the alleged problem. However, where a farmer does not comply with the Florida Seed Law's notice requirements he should not be absolutely prohibited from raising failure of consideration as an affirmative defense. Section 578.26(1), Florida Statutes (1977), establishes the proper procedure under which a farmer may bring an action against the seed dealer *962 for problems arising in the seed. It does not provide an obligatory method by which the farmer must defend himself. There are many reasons why a farmer might forego bringing action against the seed merchant. Perhaps the farmer finds judicial recourse financially burdensome or perhaps out of sheer benevolence he refuses to press the seller to make good on his part of the bargain. Whatever the reason, by not exercising his privilege to file suit, the farmer should not be left defenseless where the seed merchant brings an action against him.
QUESTION 3:
If such action or defense is otherwise barred, is the seller estopped from raising the bar, or has the seller waived the bar, if the seller has actual knowledge of the alleged defects in the seed, although such knowledge was not acquired within ten days of the discovery of the defect by the farmer?
Hitchcock submits that Ferry-Morse waived the complaint and notice requirements of section 578.26(1), Florida Statutes (1977), in that after the time for filing the administrative complaint and giving notice had expired, the seller became aware of Hitchcock's problem with his crop. In the alternative Hitchcock submits that Ferry-Morse is estopped from raising Hitchcock's failure to comply with section 578.26(1) as a bar to his bringing legal action. We do not agree.
Hitchcock relies upon two cases, Rabinowitz v. Town of Bay Harbor Island, 178 So.2d 9 (Fla. 1965); and City of Jacksonville v. Hinson, 202 So.2d 806 (Fla. 1st DCA) cert. denied, 207 So.2d 688 (1967); both of which focus upon similar city charters which mandate written notice to the municipality as a prerequisite to maintaining a civil damages action against the city. In each case agents of the municipality, by their own representations, lulled claimants into believing compliance with the city charter's notice requirements was unnecessary. Estoppel and waiver doctrines were found operable in both Hinson and Rabinowitz so as to prevent the respective municipalities from benefiting from their own deceptions. We find no evidence that Ferry-Morse purposefully or inadvertently deceived anyone in the case sub judice.
This Court in Rabinowitz provided a useful distinction between the sometimes interrelated doctrines of waiver and estoppel stating:
that when responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
178 So.2d at 12-13. The crux of the waiver doctrine rests upon conduct demonstrating an intent to relinquish a known right. Firemans Fund Ins. Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967). In the case sub judice Ferry-Morse had a right to receive notice of a claim alleging seed defects within ten days of the farmer's discovery of the problem. Correlatively, Hitchcock had a statutory duty to supply this notice. Ferry-Morse learned of the alleged seed problem many months after the seed transaction and filed suit to collect the purchase price two years after the expiration of the administrative complaint period. We find such conduct in no way evidences an intent to relieve Hitchcock of his duty to comply with the notice requirement in section 578.26(1). Furthermore, Ferry-Morse's knowledge of the seed defect was not "substantially equivalent" to the information which would have been obtained had Hitchcock given the required notice. One of the obvious purposes of this ten-day filing limitation is to provide for an accurate investigation of seed claims while the evidence is fresh and the facts are readily available. Given the perishable quality of agricultural crops, it is highly unlikely that any physical evidence of Hitchcock's claim existed when Ferry-Morse *963 was finally made aware of the problem. Hence the waiver doctrine does not apply.
For estoppel to operate in the case sub judice, Ferry-Morse's conduct must have induced Hitchcock to forego compliance with these notice requirements. We find no such inducement here. In the Rabinowitz and Hinson cases the municipalities' conduct, upon which claimants detrimentally relied, occurred during a period when compliance with the notice requirements could have been accomplished. Such is not the case here. Hitchcock had surrendered his claim by failing to comply with the ten-day notice limitation long before Ferry-Morse was made aware of the alleged seed defect.
We therefore find that Ferry-Morse's knowledge and conduct regarding the alleged seed defect did not induce Hitchcock to forego compliance with the statutory notice requirements. Accordingly, there is no merit to Hitchcock's estoppel defense.
In summary we find:
(1) Hitchcock's counterclaims sounding in breach of warranty and negligence are basically claims of variance in variety and are subject to the Florida Seed Law's administrative notice requirements. Hitchcock's claims are therefore barred by his failure to comply with these requirements.
(2) Hitchcock's failure to comply with these administrative complaint requirements does not bar his raising the affirmative defense of "failure of consideration."
(3) Hitchcock's estoppel and waiver doctrine defenses are inapplicable to the given situation.
These certified questions are answered pursuant to Rule 9.030(2)(c), Florida Rules of Appellate Procedure, and the record for the cause returned to the United States Court of Appeal, Eleventh Circuit, for appropriate disposition.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.