701 So.2d 1211 (1997)
Jeff M. BROWN, Kenneth J. Ronan, and Lavalle, Brown, Ronan & Soff, P.A., Appellants,
v.
STATE of Florida, DEPARTMENT OF CORRECTIONS, Appellee.
No. 96-3898.
District Court of Appeal of Florida, First District.
November 26, 1997.
E. Givens Goodspeed of Mitrani, Rynor & Gallegos, P.A., Maitland, for Appellants.
R. Franklin Ritch, Gainesville, for Appellee.
VAN NORTWICK, Judge.
This court filed a decision in this case July 22, 1997, reversing and remanding the decision of the Levy County Circuit Court. By separate order of the court, we have withdrawn the mandate of the court issued August 7, 1997. We hereby withdraw our opinion of July 22, 1997 and substitute the following opinion therefor.
*1212 Jeff M. Brown, Kenneth J. Ronan, and Lavalle, Brown, Ronan & Soff, P.A., who were granted leave to intervene in a lawsuit filed by their former client, Kelly Curry, against the appellee, the Department of Corrections, and the Levy County Board of County Commissioners, appeal the trial court's order dismissing with prejudice Curry's suit against the Department for failure to comply with the notice requirements of section 768.28(6)(a), Florida Statutes (1991). Because we conclude that it was an abuse of the trial court's discretion to dismiss the complaint without leave to amend the allegations relating to the Department's possible waiver of the claim notice requirement, we reverse.

Factual and Procedural Background
Curry, an inmate in custody of the Department, was injured while working at the "Levy Forestry Camp" on May 22, 1992. Initially, she hired attorney David M. Shenkman to pursue her claim against the Department and Levy County. On July 20, 1992, Shenkman wrote a letter to Harry K. Singletary, Jr., of the Florida Department of Corrections, advising that Curry was seeking damages for this injury. The letter states: "This letter shall serve as notice to the State of Florida Department of Corrections pursuant to Florida Statute 768.28." The letter requested that the claim be promptly denied if the Department does not wish to settle or denies liability "rather than waiting the six (6) month period under Florida Statute 768.28."
Shenkman's letter was forwarded to the Department of Insurance, who advised Shenkman by letter that his "letters of notice" had been received. The Department's letter states further that "[u]pon receipt of this claim, this office is conducting a review an [sic] evaluation of this incident. Upon completion of our review, we shall advise as to our position." Another letter to Shenkman from the Department followed, requesting information pursuant to sections 768.28(6)(c) and (d).
Thereafter, Curry retained attorneys Jeff M. Brown and Kenneth J. Ronan, and their law firm, the appellants in the instant action. Subsequently, appellants made a decision to terminate their representation of Curry. At that point, a lawsuit had not been filed on Curry's behalf. Curry subsequently retained her current lawyer and filed a malpractice suit against appellants in Sarasota County Circuit Court. Curry's malpractice action claims that appellants failed to provide the notice required by section 768.28(6)(a) to either the Department or Levy County, thereby foreclosing her opportunity to sue those governmental entities. In their answer, appellants asserted that the Department and Levy County waived the notice requirements.
The Sarasota County malpractice action has been stayed awaiting resolution of the instant action, which Curry filed in Levy County Circuit Court. In this action, she is seeking damages from the Department and the Levy County Board of County Commissioners, claiming each is guilty of negligence. Appellants moved to intervene in this action, and the trial court entered an order granting the motion allowing appellants to intervene on the limited issues of whether proper jurisdictional notice was given under section 768.28(6) and whether the actions of the Department had waived this notice requirement.
Appellants filed an intervenor complaint in the instant action alleging that the correspondence between the Department of Insurance and Shenkman estopped the state from contending that proper jurisdictional notice was not given and that the state waived the notice provisions of section 768.28(6)(a). Thereafter, the trial court entered separate orders granting the motions to dismiss filed by the Department and Levy County and dismissed Curry's suit against both "without leave to amend." Appellants have appealed only the order dismissing the suit against the Department. Curry did not appeal.[1]

*1213 Notice and Waiver of Notice under Section 768.28(6)(a)

Section 768.28(6)(a), Florida Statutes (1991), provides in pertinent part:
An action may not be instituted on a claim against the State or one of its agencies or subdivisions unless the Claimant presents the claim in writing to the appropriate agency, and also, ... presents such a claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
This section is a part of the statutory waiver of sovereign immunity and clearly requires written notice to the Department of Insurance within three years of the accrual of the claim before suit may be filed against any state agency. Levine v. Dade County School Board, 442 So.2d 210, 212 (Fla.1983). Absent allegations or evidence of waiver of the notice or estoppel on the part of the State or other entity involved, "[w]here the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." Levine, 442 So.2d at 213.
Although this court has long recognized that "under the certain conditions, the state or its agencies may be deemed to have waived the claim notice requirements of 768.28(6)," Hutchins v. Mills, 363 So.2d 818, 821 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla.1979), the parties have not directed us to a case or cases addressing the appropriate conditions for waiver under the statute. We find the supreme court's opinion in Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9, 12-13 (Fla.1965), however, informative to the waiver issue here. In Rabinowitz, the court applied principles of waiver and estoppel in holding that the conduct of officials of a municipality were sufficient to estop the municipality from asserting the benefit of the claim notice provisions of section 95.241, Florida Statutes. The court held that where officials acquire actual knowledge of the occurrence or incident underlying the claim and they pursue an investigation of the matter which reveals substantially the same information which the required notice would have provided, and thereafter follow a course of action which reasonably leads the claimant to conclude that formal notice is unnecessary, then the filing of the notice is waived. Id. Further, if by reason of such conduct on the part of the officials, the claimant in good faith failed to act, or acted thereon to his disadvantage, then an estoppel against the requirement of notice arises. Id. at 13. However, the Rabinowitz court warned:
A mere investigation by agents of a city standing alone will not necessarily have the intended effect. The waiver or estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury.
Id.
Although Rabinowitz involved a claim presentation requirement of a municipal charter, we believe its holding is equally applicable to the three-year presentation requirement of section 768.28(6)(a). Thus, if a claimant alleges waiver or estoppel sufficient to comply with Rabinowitz, a suit brought on behalf of such claimant would be able to withstand a motion to dismiss for failure to comply with section 768.28(6)(a).

Leave to Amend Required
Examining the allegations of the intervenors' complaint filed on behalf of Kelly Curry, we find that, although there are general allegations of waiver and estoppel, the complaint does not contain specific allegations that the acts of the Department of Insurance would have led a reasonable person to conclude that further notice was unnecessary or that the acts of the Department of Insurance caused Curry to fail to act to her injury. Nevertheless, because it appears that intervenors may yet be able to state a basis for waiver and estoppel, the trial court's dismissal without leave to amend was an abuse of discretion. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So.2d 302, 305 (Fla. 1st *1214 DCA 1991), rev. dismissed, 598 So.2d 76 (Fla.1992).
In the event intervenors can amend their complaint to allege a legal cause of action, any inquiry into the sufficiency of the evidence to support the allegations of waiver and estoppel should be by motion for summary judgment rather than motion to dismiss. Cherry v. Pirrello, 324 So.2d 158, 159 (Fla. 3d DCA 1975); see also Hamide v. State Dep't of Corrections, 548 So.2d 877 (Fla. 1st DCA 1989)(reversing the trial court's order granting the motion to dismiss filed by the Department and allowing Hamide to amend his complaint).
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, J., concurs.
BOOTH, J., dissents.
NOTES
[1] An intervenor "may appeal any ruling adverse to him." Greenhut Const. Co. v. Henry A. Knott, Inc., 247 So.2d 517, 520 (Fla. 1st DCA 1971). In Greenhut, the judgment was appealed only by the intervenor, the state elected not to appeal. Id. at 519.