Mr. Carl E. Kern Flagler County Attorney 1200 East Moody Boulevard, #11 Bunnell, Florida 32110 Mr. Dennis K. Bayer Marineland Town Attorney Post Office Box 1505 Flagler Beach, Florida 32136-1505
Dear Mr. Kern and Mr. Bayer:
On behalf of the Flagler County Board of County Commissioners and the Town of Marineland, you ask substantially the following question:
May a taxing authority that has actual knowledge of a municipality's intent to create a community redevelopment area voluntarily waive the statutory notice required to be provided by the municipality to the taxing authority as provided by section 163.346, Florida Statutes?
In sum:
Section 163.346, Florida Statutes, does not provide for or otherwise authorize a taxing authority that has actual knowledge of a municipality's intent to create a community redevelopment agency to voluntarily waive the statutory notice required by that section. Whether the municipality's failure to provide such notice is fatal to the creation of a community development agency, however, is a matter that must be resolved by the courts.
Part III, Chapter 163, Florida Statutes, is the "Community Redevelopment Act of 1969."[1] The act provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of slums and blighted areas.[2]
Upon finding a necessity and need for an agency to carry out the purposes set forth in the act, a county or municipality may create a body corporate and politic to be known as a "community redevelopment agency."[3] A board of commissioners serves as the governing body of the agency.[4] The act prescribes with particularity the structural organization and powers of such an agency and the composition, number, and terms of office of the members thereof.
Section 163.387(1), Florida Statutes, provides that a redevelopment trust fund be established for each community redevelopment agency. Each taxing authority within the community redevelopment area is required, by January 1 of each year, to appropriate increment revenues to the redevelopment trust fund to pay outstanding indebtedness of the redevelopment agency.[5]
Section 163.346, Florida Statutes, provides:
"Before the governing body adopts any resolution or enacts any ordinance required under s. 163.355, s. 163.356, s. 163.357, or s. 163.387; creates a community redevelopment agency; approves, adopts, or amends a community redevelopment plan; or issues redevelopment revenue bonds under s. 163.385, the governing body must provide public notice of such proposed action pursuant to s. 125.66(2) or s. 166.041(3)(a) and, at least 15 days beforesuch proposed action, mail by registered mail a notice to each taxingauthority which levies ad valorem taxes on taxable real propertycontained within the geographic boundaries of the redevelopment area." (e.s.)
The term "taxing authority" is statutorily defined to include the state or any county, municipality, authority, special district as defined in section 165.031(5), Florida Statutes, or other public body of the state, except a school district.[6]
Thus, prior to creating a community redevelopment agency, the governing body must by registered mail send notification of its proposed action to each taxing authority that levies ad valorem taxes on taxable real property within the geographic boundaries of the redevelopment area. Such a requirement for specific and individualized notice may be based on a recognition that the taxing authorities are responsible for appropriating funds to the redevelopment trust fund to pay outstanding indebtedness of the redevelopment agency.
The notice requirement, however, is imposed on the county or municipality creating the community redevelopment agency, not on the taxing authorities. Nothing in section 163.346, Florida Statutes, authorizes or otherwise provides for a taxing authority to absolve the county or municipality of its obligations under the statute. Where the Legislature has prescribed the manner in which something is to be done, it is, in effect, a prohibition against it being done in a different manner.[7]
You refer to section 166.041(7), Florida Statutes, which provides in part:
"Without limitation, the common law doctrines of laches and waiver are valid defenses to any action challenging the validity of an ordinance or resolution based on failure to strictly adhere to the provisions contained in this section. Standing to initiate a challenge to the adoption of an ordinance or resolution based on a failure to strictly adhere to the provisions contained in this section shall be limited to a person who was entitled to actual or constructive notice at the time the ordinance or resolution was adopted. "
Section 166.041, Florida Statutes, thus recognizes that the doctrine of waiver may be a defense to an action challenging an ordinance's validity for failing to comply with the requirements of that statute. Pursuant to section 163.346, Florida Statutes, the governing body of a municipality seeking to create a community redevelopment agency must provide public
notice of such action pursuant to section 166.041(3)(a), Florida Statutes. Section 166.346 also requires that notice be provided by registered mail to each of the taxing authorities levying ad valorem taxes on property within the boundaries of the proposed community redevelopment agency. While section 163.346 refers to section 166.041
when discussing the public notice requirements, no reference is made to section 166.041 when providing for the separate requirement of notice to the taxing authorities.
Any challenge to the notice, or lack thereof, to the taxing authorities would not be based on the failure to comply with the notice requirements of section 166.041, but of section 163.346.
In light of the above, I am of the opinion that section 163.346, Florida Statutes, does not provide for or otherwise authorize a taxing authority to voluntarily waive the statutory notice required by that section to be provided by a municipality creating a community redevelopment agency. Whether the municipality's failure to provide such notice would invalidate the action taken by the municipality in creating the agency, however, is a matter that must be resolved by the courts. Although strict compliance with statutory notice requirements would appear to be mandatory,[8] the courts considering other statutorily imposed notice requirements have recognized that under certain circumstances a contesting party could be estopped from asserting a defect in such notice,[9] although I am not aware of, nor have you drawn to my attention, any appellate decision considering this issue with respect to the notice provisions of section 163.346, Florida Statutes. Such a determination, however, would have to be made by a court of competent jurisdiction.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 163.330, Fla. Stat., providing the title for the act.
[2] Section 163.355, Fla. Stat.
[3] Section 163.356(1), Fla. Stat. And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[4] Section 163.356(2), Fla. Stat.
[5] But see, s. 163.387(2)(c), Fla. Stat., exempting certain public bodies or taxing authorities.
[6] See, s. 163.340(2), Fla. Stat., defining "Public body" or "taxing authority." And see, s. 165.031(5), Fla. Stat., defining "Special district" as a local unit of special government, as defined in s.189.403(1), including dependent special districts, as defined in s.189.403(2), and independent special districts, as defined in s.189.403(3).
[7] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[8] Cf., Daytona Leisure Corporation v. City of Daytona Beach,539 So.2d 597, 599 (Fla. 5th DCA 1989) (Florida follows majority view that measures passed in contravention of notice requirements are invalid, that is, they are null and void if not strictly enacted pursuant to statutory requirements); Ellison v. City of Fort Lauderdale,183 So.2d 193 (Fla. 1966); Fountain v. City of Jacksonville, 447 So.2d 353
(Fla. 1st DCA 1984).
[9] Many of these cases involved claims notice statutes, requiring presuit notice. See, e.g., Rabinowitz v. Town of Bay Harbor Islands,178 So.2d 9, 12-13 (Fla. 1965) (where officials acquire actual knowledge of the occurrence or incident underlying the claim and they pursue an investigation of the matter which reveals substantially the same information which the required notice would have provided, and thereafter follow a course of action which reasonably leads the claimant to conclude that formal notice is unnecessary, then the filing of the notice is waived); Brown v. State, Department of Corrections, 701 So.2d 1211 (Fla. 1st DCA 1997). Cf., Fla.R.C.P. 1.120(c), requiring that a party who wishes to deny the performance of a condition precedent must do so "specifically and with particularity."