## NATIONAL LABOR RELATIONS BOARD
### v.
### BLACK–CLAWSON CO.
#### No. 12032.

United States Court of Appeals. Sixth Circuit.

March 2, 1954.

Elizabeth B. Head, Geo. J. Bott, David P. Findling, A. Norman Somers, Arnold Ordman, Washington, D. C., for petitioner.

J. Mack Swigert, Cincinnati, Ohio, Robert T. Keeler, Cincinnati, Ohio, on brief, for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Respondent company, in 1948, undertook consideration of a profit-sharing retirement plan for its employees; and its officials carried on consultations with specialists in such plans from various insurance companies. As a result, respondent's Director of Industrial Relations and a specialist in such plans from one of the insurance companies engaged in extensive research, and in May 1950, submitted a tentative draft of a profit-sharing retirement plan for employees to the president of respondent company. Thereafter, the board of directors adopted a resolution authorizing the president to proceed with such plan and to arrange that the insurance specialist visit each division of the company to explain the proposed project to the bargaining committees of the various unions representing respondent's employees. Numerous meetings were thereafter held with the bargaining committees; changes were made in the proposed plan, and the specialist from the insurance company was repeatedly called back to respondent's plant in Hamilton, Ohio, to answer questions and explain the workings of the plan. The matters involved were repeatedly and patiently reviewed and discussed with the employees and the various union officials. No objection was made by anyone to the fact that such ex-

planations were made to the committees and to the membership of the various unions. Thereafter, in view of the fact that there appeared to be no opposition to the plan, cards were distributed through the union representatives to the members of the various unions; and all of the foregoing action of respondent was repeatedly acquiesced in, in the most friendly spirit, by the union, the officials of the union, and the members of the union. Finally, in February 1951, after months of explanation of the matter to respondent's employees, and after 87.2% of the employees had signed cards joining in the plan, and the Treasury Department had approved it for tax purposes, the charging local complained that it was improper for respondent to discuss the matter with the employees instead of limiting itself to conferences with the union representative as bargaining agent.

■ The Trial Examiner found that respondent had not refused to bargain collectively in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.; that it had not engaged in the unfair labor practices charged; and that the union and the officials of the union responsible for the filing of the charges of unfair labor practices in this case had acquiesced in the company's establishment of the plan. It is submitted by respondent that a profit-sharing plan is not within the area of bargaining contemplated by the Act; but in National Labor Relations Board v. J. H. Allison & Co., 6 Cir., 165 F.2d 766, 3 A.L.R.2d 990, this court determined that an employer is obligated to bargain collectively concerning merit wage increases, and it is our view that a profit-sharing retirement plan embraces such economic benefits as to constitute subject matter for collective bargaining within the meaning of Section 9(a) of the Act. However, a review of the testimony of the witnesses and a consideration of all of the proof in the case clearly disclose that the evidence sustained the foregoing findings of the Trial Examiner, and that, accordingly, the decision of the Board, contrary to such findings and conclusions, is not sustained by the evidence on the record viewed as a whole.

In accordance with the foregoing, an order will be entered denying enforcement of the order of the Board.