225 So.2d 903 (1969)
DADE COUNTY CLASSROOM TEACHERS' ASSOCIATION, INC., a Florida Corporation Not for Profit, Appellant,
v.
Michael RYAN, Individually; Freda Jones, Individually; and Dade County Education Association, et al., Appellees.
No. 38407.
Supreme Court of Florida.
July 9, 1969.
Rehearing Denied September 11, 1969.
*904 Tobias Simon, Miami, and William G. O'Neill, Ocala, for appellant.
Fred C. Davant, of Wicker, Smith, Pyszka, Blomqvist & Davant and Paul B. Steinberg, Miami, for Michael Ryan, Freda Jones and Dade County Education Ass'n.
Bernard S. Mandler, of Smith & Mandler, Miami Beach, for Local 1875 of the American Federation of Teachers.
William H. Maness, Jacksonville, for Duval Teachers Ass'n, Inc.
Joseph J. Gersten, Miami, for Dade County Employees Local 1363 of the AFL-CIO.
Robert E. Gunn, of Shutts & Bowen, Miami, for The Florida Nurses Ass'n.
Lawrence D. Black, Clearwater, for Pinellas Classroom Teachers' Ass'n.
Richard H. Frank, of Frank & Grandoff, Tampa, for amici curiae.
ERVIN, Chief Justice.
The Circuit Court of Dade County in injunction and declaratory judgment suits brought by plaintiffs Michael Ryan, Freda Jones, and Dade County Education Association, a nonprofit organization, and Local 1875 of the American Federation of Teachers, and others, against the Board of Public Instruction of Dade County, defendant, and Dade County Classroom Teachers' Association, Inc., a Florida corporation not for profit, intervenor, in its final decree found:
(a) That negotiations between the Board of Public Instruction (school board) and Dade County Classroom Teachers' Association, Inc. (intervenor), led to the passage of personnel policies by the School Board which constituted collective bargaining in the labor relations sense.
(b) That said personnel policies provide the intervenor will be the sole collective bargaining agent for all teachers in the Dade County school system.
(c) That these personnel policies give to intervenor privileges that are denied to other organizations representing or seeking to represent some of the teachers in the Dade County school system, such as dues check-off, use of inter-school mail facilities, bulletin board space, furnishing of teacher lists, and the right to hold meetings on school property.
(d) That a grievance procedure provided by the personnel policies is to be run by the majority group (intervenor) rather than a uniform procedure applicable to all teachers in the Dade County school system.
Following the foregoing findings the Circuit Court made conclusions of law as follows:
(1) That collective bargaining in the labor relations sense as used as related in the foregoing findings in dealing with employees of public bodies such as said teachers employed in the Dade County school system is an activity which is not permitted by the public policy of the State of Florida.
(2) That collective bargaining in the labor relations sense implies not only negotiations with employers but it implies the right to strike and the right of a majority organization to bargain on behalf of the entire employee group.
(3) That the process of collective bargaining contravenes the laws and statutes of the State of Florida, citing Miami Water Works Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967, and Dade County v. Amalgamated *905 Association of Street Electric Railway and Motor Coach Employees (Fla. App.), 157 So.2d 176, and that the revised Constitution of 1968 does not change the rule of the above cited cases.
(4) That the action of the School Board in granting privileges to certain organizations representing thirty per cent or more of the teachers in the Dade County school system and the granting of additional privileges to certain organizations representing a majority of the teachers employed by the School Board is discriminatory and violates the Florida and United States constitutions.
(5) That the establishment of a grievance procedure run by a majority group is discriminatory and violates the Florida and United States constitutions.
Pursuant to these findings and conclusions of law, a permanent injunction was issued by the Circuit Court enjoining the School Board and the Intervenor from pursuing any of said personnel policies or actions contrary to said findings and conclusions of law.
The Intervenor appealed the final decree to this Court. We find our jurisdiction to review the final decree is invoked pursuant to Section 4(2) of Article V of the State Constitution, F.S.A. because the effect of the decree is to construe controlling provisions of the State Constitution. Specifically, the final decree in the conclusions of law portion thereof (see paragraph (3) above) construes Section 6, Declaration of Rights, Article I, Florida Constitution as revised in 1968.
It is our opinion the construction given Section 6, Declaration of Rights of the Revised Constitution by the Circuit Court is erroneous in that it rules out any type of limited collective bargaining for and on behalf of public employees through a labor organization. The Circuit Judge paints with too broad a brush in eliminating all collective bargaining by public employees through their bargaining organization.
Section 6 of the Declaration of Rights reads as follows:
"Right to work.  The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike." (Emphasis supplied.)
We hold that with the exception of the right to strike, public employees have the same rights of collective bargaining as are granted private employees by Section 6.[1]
The cases of Miami Water Works Local No. 654 v. City of Miami, supra, and Dade County v. Almagamated Association of Street Electric Railway and Motor Coach Employees, supra, were decided prior to the Constitutional Revision of 1968. In the 1885 Constitution, Section 12 of the Declaration of Rights therein provided:
"* * * The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union, or labor organization; provided, that this clause shall not be construed to deny or abridge the right of employees by and through a labor organization or labor union to bargain collectively with their employer."
The holdings in the two cited cases only went so far as to construe the law then *906 existing and did not pass upon later modifications in the law relating to collective bargaining rights of public employees.[2]
We turn now to other facets of this case, i.e., the remainder of the conclusions of law of the trial judge.
It is noted that Section 6 of the Declaration of Rights of the Revised Constitution was submitted by the Legislature in the knowledge and light of the statutory policy enunciated in F.S. Section 839.221, F.S.A. (Ch. 59-223). Subsection (2) of Section 839.221 reads as follows:
"(2) All employees who comply with the provisions of this section are assured the right and freedom of association, self-organization, and the right to join or to continue as members of any employee or labor organization which complies with this section, and shall have the right to present proposals relative to salaries and other conditions of employment through representatives of their own choosing. No such employee shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or indirectly, by intimidation or coercion, compel or attempt to compel any such employee to join or refrain from joining a vocational or a labor organization."
It is apparent that Section 6 of the Declaration of Rights of the Revised Constitution is in large part a constitutional restatement of the foregoing quoted statutory provision.
Section 839.221 is the current legislative enactment setting forth standards and guidelines for said Section 6. We conclude it is the governing statute spelling out the rights of public school teachers, as well as the authority of the School Board in this area, rather than F.S. Section 230.22 (1), F.S.A., or any other statute. Section 839.221(2) deals directly with the right of collective bargaining of public employees; it appears to us to conform to the language of said Section 6.
In the sensitive area of labor relations between public employees and public employer, it is requisite that the Legislature enact appropriate legislation setting out standards and guidelines and otherwise regulate the subject within the limits of said Section 6. A delicate balance must be struck in order that there be no denial of the guaranteed right of public employees to bargain collectively with public employers without, however, in any way trenching upon the prohibition against public employees striking either directly or indirectly or using coercive or intimidating tactics in the collective bargaining process.
We do not find that Section 839.221 is contrary to said Section 6, or denies in any way the rights granted thereunder. Said statute is not immutable, however, and, like any statutory enactment, may be modified by succeeding Legislatures in the light of experience and the needs of the times.
Legislative enactments regulating the subject matter embraced in said Section 6 should be accorded considerable deference by the judiciary, similarly as we have accorded legislative enactments relating to tax exemptions authorized by Section 1, Article IX, and Section 16, Article XVI, Constitution 1885. Compare Jasper v. Mease Manor (Fla.), 208 So.2d 821; Daytona Beach Racing and Rec. Fac. Dist. v. Paul (Fla.), 179 So.2d 349, and State v. Ocean Highway and Port Authority (Fla.), 217 So.2d 103.
In Pinellas County Classroom Teachers Ass'n v. Board of Public Instruction, 214 So.2d 34, we said of F.S. Section 839.221, F.S.A.: "The statute guarantees the right to bargain as a member of a union or labor organization but precludes the right to strike against government." (Text 36.)
*907 It appears to us that F.S. Section 839.221, F.S.A., precludes Intervenor from acting as the sole bargaining organization or agent for all the teachers in the Dade County school system, since it is apparent from the record all the teachers in the system have not agreed that Intervenor act as their bargaining agent. We construe the statute as disallowing any labor organization from representing any nonconsenting public employee. The statute provides no person or group of persons shall by intimidation or coercion, either directly or indirectly, compel or attempt to compel any public employee to join or refrain from joining a vocational or a labor organization. However, a labor organization can represent all those teachers who are members of the organization or who freely and expressly give their consent for that organization to act as their collective bargaining agent.
We hold also that there can be no dues check-off except in instances where a teacher on his or her own volition agreed there may be such a check-off as to his or her salary through the agency of a labor organization. The school board would only be authorized to afford dues check-off during the existence of the current teaching contract of the teacher agreeing.
We see no objection to the School Board allowing the Intervenor the use of interschool mail facilities or bulletin board space, or furnishing it teacher lists and giving the right to hold meetings on school property to Intervenor and its members, so long as the same privileges are afforded all teachers or their collective bargaining organizations not aligned with Intervenor; always provided any of such privileges or considerations are subject to cancellation by the School Board at any time in its sound and sole discretion.
It follows also from what has been said that any grievance procedures conducted by Intervenor pursuant to agreement with the School Board would not apply to nonconsenting teachers in the Dade County school system.
The foregoing considered, the result of our decision is that we affirm the final decree in part and reverse in part, and remand the causes with direction that further proceedings therein be in accordance with our opinion and judgment.
It is so ordered.
DREW, CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] The legislative record of the submission of HJR 1-2 X(68), the joint resolution ratified as the Constitutional Revision of 1968, reflects the Legislature intended both private and public employees to be included in the word "employees" in the second sentence of Section 6. See Conference Committee Report, House Journal, p. 89, July 3, 1968, and Senate Journal, p. 113, July 3, 1968, Special Revision Session, 1968, in contrast to earlier revision drafts.
[2] 21 U.Fla.L.Rev. 403 (1969).