289 So.2d 453 (1974)
CITY OF CORAL GABLES, Florida, a Municipal Corporation, Appellant,
v.
CORAL GABLES EMPLOYEES ASSOCIATION, INC., a Florida Non-Profit Corporation, Appellee.
No. 73-1205.
District Court of Appeal of Florida, Third District.
January 15, 1974.
Rehearing Denied February 26, 1974.
Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., for appellant.
V. Robert Carlisle and Norman Miller, Coral Gables, for appellee.
Weinsoff & Weinsoff, Miami, for Florida State Lodge Fraternal Order of Police, Inc., amicus curiae.
Allen Clements, Jr., Miami Beach, for Dade County League of Cities, Inc., amicus curiae.
Kaplan, Dorsey, Sicking & Hessen, Miami, for International Assn. of Firefighters, Local Union No. 1210, amicus curiae.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an interlocutory appeal by the city from an order requiring binding arbitration of a labor dispute between the city and appellee, the bargaining representative for certain of the city's employees. We reverse.
The trial court's order followed a three-month effort at collective bargaining. The court found that the city had bargained in good faith. During this time, appellee also engaged in a strike against the city in violation of Article I, Section 6, of the Florida Constitution, F.S.A. Binding arbitration was ordered by the trial court because an impasse in the negotiations had been reached between the parties.
The order provided that each party would name one arbitrator, and the two designated would select a third arbitrator. The three would complete their arbitration within thirty days and make written findings to the court. The decision of the arbitrators *454 would be final and binding until the end of the city's fiscal year on September 30, 1974.
Our Supreme Court has held unequivocally that public employees have a constitutional right under the 1968 Florida Constitution (Article I, Section 6) to collective bargaining. Dade County Classroom Teachers' Association v. Ryan, Fla. 1969, 225 So.2d 903. However, no statutory guidelines have been enacted by the Legislature establishing procedures for collective bargaining in the public sector.
The Supreme Court has recognized this problem, noting that the ultimate responsibility for enforcing constitutionally guaranteed rights rests with the judiciary. Dade County Classroom Teachers' Association v. Legislature, Fla. 1972, 269 So.2d 684. Yet in that case the court took judicial notice of the difficulties confronting the Legislature in implementing collective bargaining guidelines for all public employees. The court also pointed out that the Legislature has entered the field by enactment of "The Firefighters Bargaining Act" which provides for advisory arbitration only. See Ch. 72-275, 1972 Laws of Florida.
The Supreme Court, therefore, concluded:
"The Legislature, having thus entered the field, we have confidence that within a reasonable time it will extend its time and study into this field and, therefore, judicial implementation of the rights in question would be premature at this time. If not, this Court will, in an appropriate case, have no choice but to fashion such guidelines by judicial decree in such manner as may seem to the Court best adapted to meet the requirements of the constitution, and comply with our responsibility." [Emphasis supplied.]
Considerable deference is accorded to legislative enactments regulating the subject matter contained in Section 6 of the Declaration of Rights of the Constitution. Dade County Classroom Teachers' Association v. Ryan, supra. It is requisite that the Legislature enact appropriate standards and guidelines regarding the area of labor relations between public employee and public employer. Ibid. In our view, the Legislature has not acted unreasonably at this time in failing to enact legislation implementing the rights found in Section 6. Accordingly, it was not proper in the instant case for the trial court to order binding arbitration in the absence of specific legislative guidelines.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed.
Reversed.