291 So.2d 38 (1974)
CITY OF HOMESTEAD, Florida, an Unincorporated City, et al., Appellants,
v.
INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL NO. 2010, Also Known As Homestead Firefighters, Local 2010, a Labor Organization, Appellee.
No. 73-605.
District Court of Appeal of Florida, Third District.
February 19, 1974.
Rehearing Denied March 25, 1974.
Turner, Hodson & Watkins, Homestead, for appellants.
Joseph H. Kaplan, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*39 PER CURIAM.
Defendant-appellants, City of Homestead and Councilman Fred Rhodes, individually, appeals an order of the trial court directing the city to bargain in good faith with the plaintiff and a judgment awarding the plaintiff compensatory and punitive damages.
Plaintiff-appellee, International Association of Firefighters, Local No. 2010 (herein referred to as the union), was recognized by the defendant-appellant, City of Homestead (herein referred to as the city), as collective bargaining agent of a majority of the persons employed as firefighters by the city. The city's council designated the city manager to act as its representative during negotiations. In November 1971, after many collective bargaining sessions, the city manager and the union reached an accord on a collective bargaining agreement which was submitted to the city council for its approval. On January 10, 1972 the city council met with union representatives and proceeded to renegotiate and, in fact, change every provision of the contract from beginning to end. The union representatives finally walked out of the meeting and on January 27, 1972 the union sent to the city manager a letter invoking the arbitration provisions of the Firefighters Collective Bargaining Act, a statute repealed by the legislature which in the repealer made the act a municipal ordinance (and Dade County ordinance). In response thereto, the city council passed an ordinance superseding the above law. During this time, defendant-appellant Councilman Fred Rhodes, Jr. made hostile statements toward the union and promises of added benefits to union members if they would abandon their support of the union. As a result, the union did lose three of its members. In May 1972 the union filed suit to enforce their constitutional right to bargain collectively. At the conclusion of the non-jury trial, the judge found that (1) the city did not meets its duty to bargain in good faith, (2) the ordinance of the city purporting to repeal the Dade County firefighters bargaining ordinance (cited hereinabove) is void and of no effect, and (3) the activities of defendant Councilman Rhodes did injure the union. Based upon the above findings, the judge ordered the city to bargain in good faith with the union and awarded judgment against Rhodes and in favor of the plaintiff in the sum of $18.00 as compensatory damages and $1.00 as punitive damages.
Defendant-appellants, the City of Homestead and Councilman Rhodes, individually, contend that the findings of the trial court are erroneous and thus, it was reversible error to enter thereon the order to bargain in good faith and the judgment awarding compensatory and punitive damages. On cross-appeal, plaintiff-appellant contends the amount awarded as punitive damages was insufficient.
After a review of the record on appeal, we conclude that there was sufficient evidence to support the findings of the trial judge who heard all the testimony and observed the demeanor of the witnesses. In addition, as the trial judge astutely noted in rendering her January 8, 1973 judgment, the state legislature passed, effective January 1, 1973, a new state firefighters bargaining law, Fla. Stat. § 447.20 et seq., F.S.A., which includes provisions for arbitration of contract disputes. Thus, this new piece of legislation is now applicable to the case sub judice and the issue of the validity of the city's ordinance purporting to repeal the Dade County firefighters bargaining ordinance has been rendered moot thereby.
Next, we turned to the issue of compensatory and punitive damages and the sufficiency thereof.
We cannot concur with the trial judge's determination that Councilman Rhodes is personally liable for compensatory and punitive damages to the appellee.
In our view, the councilman is immune from personal liability in this case because the duties he was performing are *40 characterized properly as discretionary and legislative.
In the leading case of Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70, Mr. Justice O'Connell stated:
"The distinction between legislative action, on the one hand, and executive and judicial action, on the other, is not difficult to define. It is sufficient for present purposes to say that the former is typically prospective and nondiscriminatory, whereas the latter operate retroactively and discriminatorily. In other words, legislative action prescribes a general rule for future operation, whereas judicial and executive action is typically concerned with applying the general rule to specific situations or persons."
In Modlin, the Supreme Court reaffirmed its earlier dictim in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, which maintained municipal tort immunity in the exercise of legislative, judicial, quasi-legislative, and quasi-judicial functions.
The Supreme Court also made it abundantly clear in Modlin, citing First National Bank of Key West v. Filer, 107 Fla. 526, 145 So. 204, 87 A.L.R. 267 (1933), that a municipal officer may be held liable in tort only for the performance of "ministerial duties in which a private individual has a special and direct interest." See Modlin v. City of Miami Beach, supra, 201 So.2d at p. 76.
Turning to the facts of the instant case, the statements and conduct attributed to Councilman Rhodes occurred under conditions calling for the exercise of judgment and discretion.
Public employees are entitled to collective bargaining under Article I, Section 6 of the 1968 Florida Constitution, F.S.A. Dade County Classroom Teachers' Association v. Ryan, Fla. 1969, 225 So.2d 903. Yet, precise guidelines for implementing collective bargaining in the public sector have not been established. Dade County Classroom Teachers' Association v. Legislature, Fla. 1972, 269 So.2d 684; City of Coral Gables v. Coral Gables Employees Association, Inc., Fla.App. 1974, 289 So.2d 453 (Released January 15, 1974).
Negotiations of a labor contract establishing salary levels and working conditions for the city's firemen is an activity which "prescribes a general rule for future operations." As an elected public official, Councilman Rhodes necessarily is engaged in a discretionary function when the city council undertakes to adopt a labor contract affecting the city's firefighters.
Therefore, we hereby reverse that portion of the trial court's final judgment which awarded compensatory and punitive damages against Councilman Rhodes.
Affirmed in part, reversed in part.