MILLS, Acting Chief Judge.
St. Petersburg Junior College (SPJC) seeks review of a final order entered by the Public Employees Relations Commission (PERC) finding that SJPC committed an unfair labor practice by refusing to rent a classroom to The Communication Workers of America (CWA) while allowing civic and cultural organizations to rent classrooms. The issue which is determinative of this review is whether SPJC was required to rent a classroom to CWA, who was attempting to reorganize SPJC’s employees, on the same basis that SPJC rented rooms to civic and cultural organizations.
CWA charged SPJC with discriminating against it by refusing to rent a classroom to it for a meeting, although renting classrooms to other community groups. After investigation, PERC filed a complaint against SPJC alleging that SPJC’s refusal to rent a classroom to CWA for the purpose of inducing SPJC’s employees to support CWA’s organizational efforts constituted an unfair labor practice. SPJC denied that its refusal to rent the classroom to CWA was based solely on the fact that CWA was an employee organization and denied that its acts constituted an unfair labor practice. SPJC affirmatively alleged that it was not required to rent rooms to any organization to which it did not desire to rent.
The hearing officer conducted a hearing and submitted a recommended order to PERC. PERC affirmed the hearing officer’s findings of fact but reversed his recommendations and conclusions of law.
In June 1976, CWA was attempting to organize certain employees at SPJC, and inquired about renting a classroom. Initially, it was told there would be no problem, but the next day SPJC advised CWA that it would not rent a classroom to it. On 14 July, CWA submitted a written request for the rental of a room on any weekday between 19 July and 30 July. No written response was ever received.
Most civic and cultural organizations that applied for meeting space were able to rent it. The only exceptions appeared to be a karate group that had previously done some property damage, a gay liberation group and the CWA. SPJC had never rented a room to any labor organization.
We grant SPJC’s petition for review and reverse PERC’s order. Although SPJC had rented classrooms to civic and cultural organizations, it had never rented a classroom to a labor organization. CWA was not in the same category as civic groups; it was not similarly situated. In addition, there is no requirement that SPJC rent its classrooms to anyone. Dade County Classroom *1105 Teachers Ass’n., Inc. v. Ryan, 225 So.2d 903 (Fla.1969). It has sole discretion to whom it will rent as long as it treats all applicants of the same class equally. Ryan, supra.
CWA was not deprived of the only reasonable means of communicating with the employees. SPJC did not interfere with CWA talking to employees or distributing literature at the employees’ parking lot.
SJPC was not required to rent a classroom to CWA on the same basis it rented classrooms to civic and cultural organizations. Nor was SPJC guilty of an unfair labor practice.
We grant the petition for review, reverse PERC’s final order and remand to PERC with instructions to enter an order consistent with the views expressed above.
SMITH, J., concurs with separate opinion.
ERVIN, J., concurs in part and dissents in part.