ROBERT P. SMITH, Jr., Acting Chief Judge.
Metropolitan Dade County appeals from the declaratory statement of the Public Employees Relations Commission (PERC) holding that full time employees of the union may represent a union member in a civil service appeal of a disciplinary action under section 2-47, Code of Metropolitan Dade County.[1] The basis of the PERC or *1207 der is section 447.609, Florida Statutes (1977), which provides:
Any full-time employee or officer of any public employer or employee organization may represent his employer or any member of a bargaining unit in any proceeding authorized in this part, excluding the representation of any person or public employer in a court of law by a person who is not a licensed attorney.
The proceedings below were instituted by petition for declaratory statement filed by Dade County Employees Local 1363, a labor organization recognized by Dade County as the bargaining representative for units of personnel employees, waste division employees and professional technical employees. The dispute giving rise to the petition concerned the representation of employees in civil service appeals to hearing examiners pursuant to the county code, which was amended pursuant to the collective bargaining agreements to afford hearing officer appeals in civil service disciplinary matters. Under the code the hearing officer’s findings and recommendations are considered by the county manager, whose decision is final administratively. The county contends that an employee may be represented before the hearing examiner only by a licensed attorney and that section 447.609, relied on by PERC in its opinion to the contrary, is facially unconstitutional because it invades the Supreme Court’s exclusive authority to regulate the practice of law, Article V, Section 15, Florida Constitution [2]; or, alternatively, that section 447.609 does not purport to authorize lay union representation of Dade County employees in civil service appeals to a hearing officer acting under code section 2-47. With this latter statement we agree, so section 447-609 cannot be unconstitutional for the reason assigned; and, in reversing PERC’s declaratory statement, we need not decide whether lay union representation of employees before a civil service hearing officer constitutes the unlawful practice of law.
The question answered affirmatively by PERC’s declaratory statement was whether a lay union representative is authorized to participate in an Ordinance 2-47 hearing examiner’s appeal proceeding, a part of Dade’s civil service disciplinary process, by virtue of PERA’s sections 447.301(2) and 447.609. Whatever an employee’s (or an employer’s) right to lay representation there may be, we hold that PERA does not secure it. Section 447.301(2) provides:
(2) Public employees shall have the right to be represented by any employee organization of their own choosing and to negotiate collectively, through a certified bargaining agent, with their public employer in determination of the terms and conditions of their employment . . . Public employees shall have the right to be represented in the determination of grievances on all terms and conditions of their employment. .
And section 447.609 previously quoted in full, authorizes “any full-time employee or *1208 officer” of the public employer or union to represent the employer or an employee “in any proceeding authorized in this part.”
PERC’s declaratory statement, sustaining the union’s asserted right to represent Dade County employees in the hearing phase of the civil service disciplinary process, relies on the union/Dade County collective bargaining agreement which provides:
The employee shall have the right to representation [by the union] on any matter including discussions on Disciplinary Action.
The County agrees to amend Section 2.42(16) and Section 2.47 of the Dade County Code, to require that all Disciplinary Action except reprimands will be appealable by the employee, as provided, to a Hearing Examiner. The County agrees to add to the Hearing Examiners list, qualified attorneys with experience in labor relations matters.
The union’s and PERC’s position is that an employee appeal of disciplinary action to a hearing examiner is a condition of employment secured to employees by the collective bargaining agreement. PERC concludes:
Public employees, therefore, have the right to be represented in the determination of all grievances covering any of the terms and conditions of their employment. A provision in a collective bargaining agreement providing for an appeal of a disciplinary action to a hearing examiner is a procedure for “the determination of grievances” covering “terms and conditions of employment.” Such a procedure, therefore, is a proceeding authorized by the Act [Chapter 447] and is covered by the representation provisions of Section 447.609.
In this PERC erred. The contract requiring an ordinance amendment to provide employee appeals to a hearing examiner, as part of the civil service disciplinary scheme, did not transform the civil service proceeding into “a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement.” Section 447.401. The statutory right of a union to represent an employee is limited by section 447.609 to “any proceeding authorized in this part,” meaning part II of chapter 447. While “grievance procedures” are authorized and required by PERA, civil service disciplinary appeals are not. Grievance procedures under section 447.401 are those by which employers and their representatives, and employees and theirs, seek “the settlement of disputes between employer and employee, or [a] group of employees,” ending in a “terminal step” of “final and binding disposition by an impartial neutral, mutually selected by the parties.” The section 447.401 grievance process is different from civil service disciplinary procedures provided by statute or ordinances of a public employer. The latter remedies are conducted by the employer, albeit frequently with an independent hearing examiner finding the facts and making recommendations; and those procedures end, not with a final decision by an arbiter or “impartial neutral,” as in the case of grievances, but with a decision by the employer’s representative, here the county manager of Metropolitan Dade County.
While a civil service disciplinary proceeding may involve “the interpretation or application of a collective bargaining agreement,” and so be properly regarded by the employee as amenable either to grievance procedures of the collective bargaining agreement or to the civil service appeal remedy, the employee must choose one or the other remedy, and cannot pursue both. Section 447.401 explicitly recognizes that civil service appeals are significantly different from grievance procedures, and that the remedies are mutually exclusive:
A career service employee shall have the option of utilizing the civil service appeal procedure or a grievance procedure established under this section, but such employee cannot use both a civil service appeal and a grievance procedure.
The union/Dade County contracts in this case similarly differentiate between grievance proceedings, including four successive *1209 steps before binding arbitration, and civil service disciplinary proceedings which, after informal discussions between employer, employee, and union representative, proceed under Ordinance 2-47 to a hearing examiner appeal, thence to the county manager on the hearing examiner’s findings of fact and recommendations.
It follows that chapter 447 does not afford to public employees any procedural rights in respect to appeals before hearing examiners under civil service Ordinance 2-47; and that any right the employee may have to union assistance or representation in the civil service appeal is not derived from chapter 447. Therefore PERC, which had no authority to render a declaratory statement except “as to the applicability of” chapter 447, see section 120.565, Florida Statutes (1978 Supp.), erred in finding that chapter 447 secures the representation rights contended for by the union and employees. There is no conflict between PERA and Dade’s civil service system in respect to representation, see section 447.-601, because PERA does not purport to control civil service appeal procedures.
We think it is prudent to avoid the unlawful practice of law issue because:
(1) Dade County has not raised and the parties have not briefed that issue as such; and this record is inadequate for a determination of whether union representation in an Ordinance 2-47 proceeding is, in fact, the practice of law;[3]
(2) We should defer to the Supreme Court’s exclusive jurisdiction and acknowledge its greater resources to determine whether particular activities constitute the unlawful practice of law, and not seize upon that issue in reviewing a declaratory statement by PERC, which had neither jurisdiction nor resources to determine that issue.[4] That issue is potentially one of substantial impact on union and employer representation rights in other contexts, notably grievance procedures. In determining unlawful practice of law issues, the Supreme Court has held, although not in a labor case, that the pertinent inquiry is “the character of the acts themselves” rather than “the nature of the agency or body before which the acts are done.” Sperry, supra fn. 4, 140 So.2d at 591. If lay union representation of public employees should be restricted in grievance procedures authorized by section 447.401, public employees will have lost a valuable right which appears secured to private sector employees subject to the federal NLRA, see NLRB v. J. Weingarten, Inc., 420 U.S. 251, 262-63, 95 S.Ct. 959, 966, 43 L.Ed.2d 171, 181 (1975),[5] and which pre *1210 sumptively is accorded Florida public employees, as well. Section 447.609; Dade County Classroom Teachers’ Ass’n v. Ryan, 225 So.2d 903, 905 (Fla.1969). Too, any restriction of lay representation of public employees in grievance proceedings, due to unauthorized law practice considerations, must similarly restrict lay representation of public employers, which like unions might otherwise choose a lay representative skilled in such matters.
PERC’s declaratory statement is QUASHED and the parties are remitted to such other remedies as may be available to them for resolution of the representation dispute.
KLEIN, HERBERT, M., Associate Judge, concurs.
BOOTH, J., specially concurs.

. Section 2-47 provides in part:
. . . Any employee who has completed the probationary period may appeal the ac *1207 tion to a hearing examiner within fourteen (14) days by requesting the same in writing of the personnel director. Such hearing examiner shall be assigned by the personnel director from a list of private attorneys who have practiced not less than five (5) years and who have received a rating from a national rating service for attorneys, approved from time to time, by the board of county commissioners. . . The hearing examiner shall conduct a hearing after notice upon the charges and shall transmit his findings of facts, conclusions, and any recommendations together with a transcript of all evidence taken before him and all exhibits received by him, to the manager who may sustain, reverse or modify the suspension, reduction in grade, or the dismissal. Such hearings shall be conducted insofar as is practicable in accordance with the rules of civil procedure governing the procedure in the circuit court, except as may be provided in this Code or by rules adopted by the board of county commissioners. Any interested party may procure the attendance of witnesses and the production of records at such hearings in the manner provided by section 2-50. The manager’s decision shall be subject to review only by certiorari in the circuit court, in accordance with Florida Appellate Rules.

. Article V, Section 15, Florida Constitution:
The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.

. Ordinance 2-47 (evidenced to us only by the briefs, and only in part) does not necessarily require hearing activities constituting the practice of law:
Such hearings shall be conducted insofar as is practicable in accordance with the rules of civil procedure governing the procedure in the circuit court, except as may be provided in this Code or by rules adopted by the board of county commissioners.
To hold that lay union representation of an employee before the hearing examiner constitutes the practice of law, because of the Ordinance reference to “rules of civil procedure”, would take no account of any other Code provisions or rules, not evidenced here, which may mitigate the formality of the hearing, nor of what such hearings consist of in fact. We note also that informality in civil service appeals is prescribed by chapter 30255, section 13, Florida Law (1955) from which Dade’s Ordinance 2-47 is derived:
At the hearing of such appeals, technical rules of evidence shall not apply. Nor does the necessity for a record in any certiorari review imply the need for a lawyer in the administrative appeal; on certiorari the circuit court does not review the hearing officer’s “findings of fact, conclusions, and any recommendations” he may make, but rather the County Manager’s ultimate decision, which may “sustain, reverse or modify the suspension, reduction in grade, or the dismissal” recommended by the hearing officer.

. The Supreme Court’s exclusive authority to regulate the practice of law includes the power to prevent the practice of law by unauthorized persons. State ex rel. The Florida Bar v. Sperry, 140 So.2d 587, 588 (Fla.1962). The Supreme Court typically operates with the benefit of assistance by The Florida Bar and its Unauthorized Practice of Law Committees. Article XVI, Integration Rule of The Florida Bar.

. The Court stated, concerning union representation of employees at disciplinary interviews:
A single employee confronted by an employer investigating whether certain conduct de *1210 serves discipline may be too fearful or inarticulate to relate accurately the incident being investigated, or too ignorant to raise extenuating factors. A knowledgeable union representative could assist the employer by eliciting favorable facts, and save the employer production time by getting to the bottom of the incident occasioning the interview. Certainly his presence need not transform the interview into an adversary contest.