393 So.2d 1147 (1981)
CITY OF TALLAHASSEE, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, Appellee.
No. PP-113.
District Court of Appeal of Florida, First District.
February 6, 1981.
*1148 James M. Blue, Robert L. Norton, and M. Susan Potter of Hogg, Allen, Ryce, Norton & Blue, Tampa, for appellant.
Curtis A. Billingsley, Tallahassee, for appellee.
Roy T. Rhodes of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for International Assn. of Firefighters, Local 2339, Real Party in Interest.
Robert A. Sugarman of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro, Miami, for amicus curiae Professional Fire Fighters of Florida, Inc.
Gene "Hal" Johnson, Tallahassee, for amicus curiae Florida Police Benevolent Ass'n, Inc.
Robert D. Klausner of Weinsoff & Klausner, Miami, for amicus curiae American Federation of State, County, and Municipal Employees Council 79.
Patricia A. Renovitch, Tallahassee, for amicus curiae Florida Education Ass'n/United, AFT, AFL-CIO.
David V. Kerns and Stephen S. Mathues, Tallahassee, for amicus curiae Department of Administration, Division of Retirement.
McCORD, Judge.
This appeal is from a Public Employees Relations Commission (PERC) order entered pursuant to a petition of the City of Tallahassee for a declaratory statement under Sections 120.565 and 447.207(7), Florida Statutes (1979).
The City has a pension ordinance in which it has in the past made changes without negotiating with the labor organizations. The City may desire to make more changes in the pension plan in the future, and thus it filed the petition for declaratory statement. The International Association of Firefighters, the certified bargaining agent for a unit of Tallahassee Firefighters, opposed the position taken by the City on the petition. The petition asked the Commission to answer the following questions: (1) Whether a pension plan covered by the City ordinance is a permissive or prohibited subject of bargaining under Sections 447.301(2) and 447.309(5), Florida Statutes (1979). (2) Assuming that pension plans covered by a city ordinance are permissive subjects of bargaining, if a collective bargaining agreement is silent on the specific subject of pensions, can the employer make a unilateral change in city ordinances covering pensions without violating Section 447.501, Florida Statutes, or the law as developed by the PERC decision in Orange County School Board, 3 FPER 280 (1977)? (3) Assuming that a pension plan covered by a city ordinance is a permissive subject of bargaining and that consent to bargain over *1149 a permissive subject of bargaining may be freely given or withdrawn at any time during negotiations, must a contractual waiver of an employer's right to make unilateral changes as to a permissive subject such as pension be clear and unequivocal?
In response to Question No. 1, the Commission relied on its decision in City of Miami, 4 FPER 4134 (1978), in which it held that the effect of Sections 447.301(2) and 447.309(5), Florida Statutes, was to remove the employees' right to negotiate on retirement to the extent that the subject of retirement is controlled by state statute or local ordinance, but that the statutes do not prohibit such negotiation upon mutual agreement by the parties. On Question 2, the Commission determined that pursuant to Section 447.301(2), the employer is under no statutory obligation to bargain over a change in an ordinance or statute pertaining to pension plans unless the agreement covers the subject. The Commission refused to answer Question 3 on the theory that since the Union had filed a grievance under the contract challenging the City's right to unilaterally change the ordinance covering the pension plan, its response would be inappropriate since an answer would involve construing a provision of the contract to determine whether it constituted a waiver of the City's right to refuse to negotiate over provisions in its retirement ordinance.
Upon considering this appeal, we concluded that an overriding question which was not raised by the parties should be ruled upon initially, and we therefore entered an order on our own motion raising the following question and directing the parties to file additional briefs thereon: Are the phrases "excluding any provisions of the Florida Statutes or appropriate ordinances relating to retirement" contained in Section 447.301(2), Florida Statutes, and "except those terms and conditions provided for in any Florida statute or appropriate ordinances relating to retirement and the applicable merit and civil service rules and regulations"[1] contained in Section 447.309(5), Florida Statutes, rendered unconstitutional by the following provision of Article I, Section 6, of the Constitution of the State of Florida:
"The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged"?
We thereafter granted motions to file amicus curiae briefs on this question filed by the Florida Education Association/United, AFT, AFL-CIO; the Department of Administration, Division of Retirement; the Florida Police Benevolent Association, Inc.; the American Federation of State, County, and Municipal Employees, Council 79; and Professional Firefighters of Florida, Inc., and heard oral argument on the constitutional question raised by the Court.
To bring the issue into focus, Article I, Section 6, of the Constitution of Florida states:
Right to work.  The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike. (Emphasis supplied.)
Section 447.301(2), a part of the statute which implements the above constitutional provision, states in pertinent part as follows:
Public employees shall have the right to be represented by any employee organization of their own choosing and to negotiate collectively, through a certified bargaining agent, with their public employer in the determination of the terms and conditions of their employment, excluding any provisions of the Florida Statutes or appropriate ordinances relating to retirement ... (Emphasis supplied.)
Section 447.309(5), Florida Statutes, also part of the implementing statute, states as follows:

*1150 Any collective bargaining agreement shall not provide for a term of existence of more than 3 years and shall contain all of the terms and conditions of employment of the employees in the bargaining unit during such term except those terms and conditions provided for in any Florida statute or appropriate ordinances relating to retirement and in applicable merit and civil service rules and regulations. (Emphasis supplied.)
The question is: Do the underlined portions of the above statutes abridge the constitutional right of employees to bargain collectively? We find they do.
In considering the word "abridge," the Supreme Court in Schermerhorn v. Local 1625 of Retail Clerks Int. Ass'n, 141 So.2d 269 (Fla. 1962), said:
`Anything which imposes a charge or expense upon the free exercise of a right, abridges it in the sense of curtailing or lessening the use or enjoyment of that right. As defined in Webster's New International Dictionary, to abridge is "to deprive; to cut off; to diminish, curtail." And "abridge" is defined in The Oxford English Dictionary as being "to curtail, to lessen, to diminish (rights, privileges, advantages, or authority.)" ...'
The Supreme Court in Dade County Classroom Teachers' Ass'n., Inc. v. Ryan, 225 So.2d 903 (Fla. 1969), in construing Article I, Section 6, of the Constitution said:
We hold that with the exception of the right to strike, public employees have the same rights of collective bargaining as are granted private employees by Section 6.
Footnoting that statement, the Supreme Court said:
1. The legislative record of the submission of HJR 1-2 X(68), the joint resolution ratified as the Constitutional Revision of 1968, reflects the Legislature intended both private and public employees to be included in the word "employees" in the second sentence of Section 6. See Conference Committee Report, House Journal, p. 89, July 3, 1968, and Senate Journal, p. 113, July 3, 1968, Special Revision Session, 1968, in contrast to earlier revision drafts.
Private employees have the right to collectively bargain with their employer as to retirement benefits. See Retail Clerks Union, No. 1550 v. NLRB, 330 F.2d 210 (D.C. Cir.1964), in which the court said:
"Pension plans are, of course, appropriate subjects for collective bargaining, and no employer is privileged to refuse to discuss them."
See also Hinson v. NLRB, 428 F.2d 133 (8th Cir.1970); NLRB v. Black-Clawson Co., 210 F.2d 523 (6th Cir.1954); NLRB v. Jacob Mfg. Co. 196 F.2d 680 (2d Cir.1952); and Inland Steel Co. v. NLRB, 170 F.2d 247 (7th Cir.1948), aff'd. 339 U.S. 382, 70 S.Ct. 674, 91 L.Ed. 925 (1950). The recognition of retirement as an employee fringe benefit is consistent with Florida law. Williams v. Smith, 360 So.2d 417 (Fla. 1978); Kennedy v. Wiggins, 368 So.2d 454 (Fla. 1 DCA 1979); and Seward v. Dept. of Administration, Division of Retirement, 366 So.2d 82 (Fla. 1st DCA 1978).
Since private employees have the right to collectively bargain as to retirement benefits, public employees also have that right under the ruling of the Supreme Court in Dade County Classroom Teachers' Ass'n v. Ryan, supra. The legislative enactment removing retirement as a subject of collective bargaining for public employees abridges or curtails that right and, therefore, violates Article I, Section 6, of the Florida Constitution. We recognize, as did the Supreme Court in Dade County Classroom Teachers' Ass'n., Inc. v. Ryan, supra, that considerable deference should be accorded to legislative enactments implementing Article I, Section 6. However, such deference does not extend to upholding an abridgement of a constitutional right granted under said Section 6 unless, unlike the enactment here, there is a rational basis for the abridgement which is justified by a compelling state interest.
Amicus curiae Department of Administration, Division of Retirement, calls attention to the fact that in 1976 the following *1151 language was added to the Florida Constitution:

State retirement systems benefit changes.  A governmental unit responsible for any retirement or pension system supported in whole or in part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis. (Art. X, § 14, Fla. Const.)
The Division of Retirement points out that the questioned phrases in Sections 447.301(2) and 447.309(5) were added by amendment to those sections by Chapter 77-343, Laws of Florida, and states that such addition was made because of this new constitutional provision; that it was necessary to eliminate retirement from collective bargaining in order to protect the actuarial soundness of the public pension funds as mandated by the new constitutional provision. This new provision, however, does not mandated that collective bargaining as to retirement be eliminated. Collective bargaining not only does not require that a government agree to a retirement benefit [Section 447.203(14), Florida Statutes] but the new provision prohibits a government from agreeing to a benefit that will render the retirement fund actuarilly unsound unless it makes provision for the funding of the benefit on a sound actuarial basis. If a public employer cannot or does not want to fund a union's proposed retirement benefit, it can say no. In addition, Section 447.309(3), Florida Statutes provides as follows:
If any provision of a collective bargaining agreement is in conflict with any law, ordinance, rule, or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate governmental body having amendatory power a proposed amendment to such law, ordinance, rule, or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provision of the collective bargaining agreement shall not become effective.
There is no conflict between Article X, Section 14, and Article I, Section 6, of the Florida Constitution.
We hold the following phrase contained in Section 447.301(2) Florida Statutes, unconstitutional:
"excluding any provisions of the Florida Statutes or appropriate ordinances relating to retirement."
We also hold the following phrase contained in Section 447.309(5), Florida Statutes, unconstitutional:
"except those terms and conditions provided for in any Florida statute or appropriate ordinances relating to retirement."
These phrases are severable and are deleted leaving standing the remainder of the respective statutes. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978).
The three questions propounded to PERC by the City each called for an interpretation of the provisions of Sections 447.301(2) and 447.309(5), which we here hold to be unconstitutional. Our ruling on the constitutional issue renders PERC's ruling on the three questions moot.
REVERSED.
SMITH, and WENTWORTH, JJ., concur.
NOTES
[1] The latter part of the quoted phrase, "and the applicable merit and civil service rules and regulations" was included in the question through error. We are here concerned only with retirement.