410 So.2d 487 (1981)
CITY OF TALLAHASSEE, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, Appellee.
No. 60354.
Supreme Court of Florida.
December 3, 1981.
Rehearing Denied March 23, 1982.
James M. Blue and Mark E. Levitt of the Law Offices of Hogg, Allen, Ryce, Norton & Blue, Tampa, and Bryan W. Henry, City Atty., Tallahassee, for appellant.
Michael M. Switzer, Asst. Gen. Counsel and Vernon Townes Grizzard, Staff Counsel, Public Emp. Relations Commission, Tallahassee, for appellee.
Peter J. Hurtgen and John B. Gallagher of Seyfarth, Shaw, Fairweather & Geraldson, Miami, for City of Miami, City of Boca Raton and Florida Public Emp. Labor Relations Ass'n, Inc., amicus curiae.
Robert M. Rhodes and James C. Hauser of Messer, Rhodes, Vickers & Hart, Tallahassee, for The Florida School Bds. Ass'n, Inc., amicus curiae.
Jane E. Heerema of Roberts & Egan, Tallahassee, for State Ass'n of County Com'rs, Inc., amicus curiae.
David V. Kerns, Gen. Counsel, Dept. of Administration, Tallahassee, Augustus D. Aikens, Jr., Div. Atty., Div. of Retirement, Tallahassee, Steve Shackelford, Atty. for Labor Relations, Office of Labor Relations, Tallahassee, and Caesar J. Naples, Gen. Counsel, Bd. of Regents, Tallahassee, for the Dept. of Administration, Div. of Retirement, Office of Labor Relations and Dept. of Ed., amicus curiae.
C. Anthony Cleveland, Gen. Counsel, Tallahassee, for the Florida Ed. Ass'n/United, AFT, AFL-CIO, amicus curiae.
Claude L. Mullis, League Counsel, Tallahassee, for Florida League of Cities, Inc., amicus curiae.
John D. Carlson of Woods, Johnston & Carlson, Tallahassee, for Florida Ass'n of School Adm'rs, Inc., amicus curiae.
Joseph H. Weil, City Atty., for City of North Bay Village and City of Sweetwater, Miami, amicus curiae.
John-Edward Alley and Joseph W. Carvin, Tampa, for the firm of Alley and Alley, Chartered, Miami, amicus curiae.
*488 Gene "Hal" Johnson, Gen. Counsel, Tallahassee, for Florida Police Benevolent Ass'n, Inc., amicus curiae.
Irving Weinsoff, Miami, for American Federation of State, County and Municipal Emp. Council 79, amicus curiae.
Robert A. Sugarman of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & De Castro, and Joseph C. Segor, Miami, for Professional Firefighters of Florida, Inc., amicus curiae.
Roy T. Rhodes of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for Intern. Ass'n of Firefighters, Local 2339, real party in interest.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, First District (City of Tallahassee v. Public Employees Relations Commission), 393 So.2d 1147 (Fla. 1st DCA 1981), holding unconstitutional portions of sections 447.301(2) and 447.309(5), Florida Statutes (1979). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant, City of Tallahassee (hereinafter The City), filed with appellee, Public Employees Relations Commission (hereinafter PERC), a petition for declaratory statement requesting answers to the following questions:
(1) Whether a pension plan covered by the City ordinance is a permissive or prohibited subject of bargaining under Sections 447.301(2) and 447.309(5), Florida Statutes (1979). (2) Assuming that pension plans covered by a city ordinance are permissive subjects of bargaining, if a collective bargaining agreement is silent on the specific subject of pensions, can the employer make a unilateral change in city ordinances covering pensions without violating Section 447.501, Florida Statutes, or the law as developed by the PERC decision in Orange County School Board, 3 FPER 280 (1977)? (3) Assuming that a pension plan covered by a city ordinance is a permissive subject of bargaining and that consent to bargain over a permissive subject of bargaining may be freely given or withdrawn at any time during negotiations, must a contractual waiver of an employer's right to make unilateral changes as to a permissive subject such as pension be clear and unequivocal?
Id. at 1148-49.
In response to the petition, PERC held that §§ 447.301(2) and 447.309(5) removed from public employers the obligation to negotiate over pension plans to the extent that retirement matters are controlled by state statute or local ordinance. It also held that under § 447.301(2), a public employer has no statutory obligation to negotiate over a change in an ordinance or statute affecting pension plans even if the same is amended while a collective bargaining agreement is in effect. PERC refused to answer the third question, reasoning that it sought an impermissible interpretation of a collective bargaining agreement.
The City appealed the PERC order to the district court, which concluded that an overriding question, not raised by the parties, had to be ruled upon before the issues appealed could be resolved. The court thus ordered that briefs be filed on the following question:
Are the phrases "excluding any provisions of the Florida Statutes or appropriate ordinances relating to retirement" contained in Section 447.301(2), Florida Statutes, and "except those terms and conditions provided for in any Florida statute or appropriate ordinances relating to retirement and the applicable merit and civil service rules and regulations" contained in Section 447.309(5), Florida Statutes, rendered unconstitutional by the following provision of Article I, Section 6, of the Constitution of the State of Florida:
"The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged"?
Id. at 1149 (footnote omitted).
After considering the briefs and hearing oral argument, the district court held that the phrases in question were unconstitutional under article I, section 6, of the Constitution *489 and deleted them from the subsections of which they were part. The court also held that its ruling rendered PERC's ruling on the three questions moot, and reversed the same. The City then sought review by this Court.
The phrases held unconstitutional by the district court were contained in part II of chapter 447, Florida Statutes, which pertains to public employees labor organizations and implements the provisions of article I, section 6, of the state constitution. Prior to the district court's order, subsections 447.301(2) and 447.309(5) read, in part, as follows:
Public employees shall have the right to be represented by any employee organization of their own choosing and to negotiate collectively, through a certified bargaining agent, with their public employer in the determination of the terms and conditions of their employment, excluding any provisions of the Florida Statutes or appropriate ordinances relating to retirement.

* * * * * *
Any collective bargaining agreement shall not provide for a term of existence of more than 3 years and shall contain all of the terms and conditions of employment of the employees in the bargaining unit during such term except those terms and conditions provided for in any Florida statute or appropriate ordinances relating to retirement and in applicable merit and civil service rules and regulations.
(Emphasis added.)
Article I, section 6, of the Florida Constitution provides:
Right to work.  The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.
In holding that the deleted phrases abridged the constitutional right of public employees to collectively bargain, the district court cited our decision in Dade County Classroom Teachers' Ass'n, Inc. v. Ryan, 225 So.2d 903 (Fla. 1969), in which we held "that with the exception of the right to strike, public employees have the same rights of collective bargaining as are granted private employees by Section 6." Id. at 905 (footnote omitted). The district court reasoned that since private employees have the right to collectively bargain as to retirement benefits, public employees must also. We agree with the district court's decision, and do not find the arguments to the contrary persuasive.
The City first argues that the phrases deleted do not limit or infringe upon the right of public employees to bargain, but rather "implement and define the scope of that right." There can be no conflict, it reasons, between the sections in question and article I, section 6, because the latter never addresses the scope of bargaining while the former deal exclusively therewith.
This argument seems to us an exercise in semantics which ignores the real impact of the deleted phrases. The two sections, as enacted, affected much more than the "scope" of collective bargaining by public employees. Their practical effect, in barring negotiations on retirement matters, was to eliminate a significant facet of the collective bargaining process. To prohibit bargaining on so important an aspect of an employment agreement is, in our judgment, an abridgment of the right to collectively bargain.
The City also contends that a literal interpretation of the language of article I, section 6, would lead to the result that no limitation whatsoever may be placed on the right to bargain collectively. Noting that several sections of chapter 447 regulate various aspects of bargaining (see §§ 447.203(3), 447.209, 447.303, 447.307(3)(b), 447.401, and 447.509), the City argues that under the district court's application of article I, section 6, virtually the entire chapter is unconstitutional.
*490 There is, however, a difference between the sections listed above and the phrases struck by the district court. The former regulate and limit various aspects of collective bargaining, providing an orderly procedure, and are a necessary and proper aspect of chapter 447. The provisions deleted, on the other hand, did not simply regulate a particular aspect of collective bargaining  they prohibited it entirely. Article I, section 6, permits regulation of the bargaining process but not the abridgment thereof.
We also find unpersuasive the argument that the district court's decision is ill-advised because it fails to consider the realities of the situation. The City contends that so many other sections of the statute are probably unconstitutional under the court's interpretation that the entire act might be found invalid.
Even assuming for the sake of argument that such is correct, the decision was nevertheless the proper one. The unconstitutionality of a statute may not be overlooked or excused for reasons of convenience. While a court cannot resolve disputes in a vacuum, the "realities," as the City calls them, of the situation cannot justify acceptance of that which is clearly unconstitutional.
The City next argues that the district court misconstrued that part of the Ryan decision in which we observed that with the exception of the right to strike, public employees should have the same rights of collective bargaining as do private employees. At the time of the Ryan decision, it notes, the law implementing article I, section 6 was section 839.221(2), Florida Statutes (1969). Thus in holding that all employees, public and private, have the same collective bargaining rights, this Court was considering the rights of employees under section 839.221(2), not under federal labor laws, reasons the City.
Although a proper subject of bargaining under federal labor law, retirement matters were not such, even for private employees, under section 839.221(2), and so our opinion in Ryan did not establish that public employees may bargain on that subject, the City argues. Rather, it continues, Ryan only established that public employees may bargain on any subject permissible under section 839.221. We disagree, however, with that interpretation and application of our decision in Ryan.
First, we note that the language employed in the Ryan holding is quite straightforward and clear:
We hold that with the exception of the right to strike, public employees have the same rights of collective bargaining as are granted private employees by Section 6.
Id. at 905.
The opinion does not limit the rights of public employees by reference to a particular statute or in any other way qualify the same, except for the reference to strikes. Rather, it very clearly provides that public employees may collectively bargain on the same matters as may private employees. If private employees may bargain over retirement matters, then under the plain language of Ryan so too may public employees.
In Dade County Classroom Teachers Association, Inc. v. Legislature, 269 So.2d 684 (Fla. 1972), we reiterated the above, noting that "with the exception of the right to strike, public employees do have the same right of collective bargaining as are [sic] granted private employees by Section 6 of the Declaration of Rights, Florida Constitution... ." Id. at 685. The language in Dade County Classroom Teachers Association, Inc. v. Legislature, like that in Ryan, does not qualify the collective bargaining rights of public employees by reference to any then-existing statute, rather, it describes those rights as being commensurate with those of private employees. It does not matter whether private employees were not assured the right to bargain over retirement matters at the time of the Ryan decision. What matters is that today private employees are permitted to collectively bargain on that subject and so public employees must also be so treated.
In so holding, we do not mean to require that the collective bargaining process in the *491 public sector be identical to that in the private sector. We recognize that differences in the two situations require variations in the procedures followed. The Ryan opinion recognized that the collective bargaining process for public employees involves many special considerations, that it is not the same as in the private sector, and that rules and regulations are a necessity:
In the sensitive area of labor relations between public employees and public employer, it is requisite that the Legislature enact appropriate legislation setting out standards and guidelines and otherwise regulate the subject within the limits of said Section 6. A delicate balance must be struck in order that there be no denial of the guaranteed right of public employees to bargain collectively with public employers without, however, in any way trenching upon the prohibition against public employees striking either directly or indirectly or using coercive or intimidating tactics in the collective bargaining process.
Id. at 906.
It would be impractical to require that collective bargaining procedures for retirement matters be identical in the public and the private sectors. We must make sure, however, that the constitutional right of all employees to bargain collectively is not abridged. The sections here in question are not a "reasonable regulation of the scope of collective bargaining", as the City characterizes them.
Finally, we consider the argument that the phrases are necessitated by article X, section 14, of the State Constitution, which provides:
State retirement systems benefit changes.  A governmental unit responsible for any retirement or pension system in whole or in part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis.
This argument forgets that the state need not agree to any proposal for retirement benefits or the like which is actuarially unsound. All that it must do under our interpretation of article I, section 6, is negotiate on the subject.
The City contends that because the state cannot agree to any type of pension plan which would be actuarially unsound, the right to bargain over the same would be a hollow one. Why concede such a useless bargaining right, it asks, when the employer has neither the authority nor the ability to agree to any request? That assessment of the situation is, however, incorrect. The public employer can agree to pension requests if those requests are within certain established bounds. The right to bargain for retirement benefits which fall within the established boundaries is not hollow and useless. It is an important right, one protected under article I, section 6.
Retirement benefits have become an important and integral part of employment agreements. Because retirement provisions are necessarily a part of the collective bargaining process, and the phrases in question abridged said process, and the state has failed to demonstrate an interest justifying the abridgment, we find that the district court of appeal reached the proper result in its opinion. The decision appealed is affirmed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.